Jeanne Bertram SHIPP, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–98–00077–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 13, 1999.

Decided Jan. 14, 1999.

Edward Gray, Attorney at Law, Dallas, for appellee.

Katherine Witt Spradlin, Assistant District Attorney-Appellate Section, Sue Korioth, Assistant District Attorney, Dallas, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Jeanne Shipp appeals from her conviction for the offense of theft of property valued at $50.00 or more but less than $500.00. She was convicted in a jury trial and was sentenced to 180 days' imprisonment in the county jail and a $600.00 fine. Imposition of sentence was suspended, and Shipp was placed on community supervision for a period of two years.

She contends on appeal that one of the conditions of community supervision imposed by the court is illegal and unenforceable. Specifically, the court ordered her to obtain a nursing school diploma within one year. At the hearing, counsel had sought a shorter term of community supervision because Shipp is the mother of four children and because she had completed all but one semester of nursing school.

■ The State first suggests that this argument has been waived, relying on cases holding that as a general rule an appellant cannot assert error about her sentence or punishment where she fails to object or otherwise raise the error before the trial court.

*Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim.App.1986). Shipp did not complain about this term of community supervision either in a motion for new trial or at the punishment hearing. Thus, the State contends that she has waived her right to argue this point on appeal.

This issue has been addressed directly by the Houston Court of Appeals in *Speth v. State*, 965 S.W.2d 13, 15 (Tex.App.-Houston [14th Dist.] 1998, pet. granted). In *Speth*, the court reiterated its prior ruling in *Martinez* that an "appellant is not barred from raising a defect in his sentence for the first time on appeal." *Martinez v. State*, 874 S.W.2d 267, 267 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd). The State has directed us to no contrary authority on this point. We find Shipp has not waived error and now turn to our review of the validity of the questioned condition of community supervision imposed by the trial court.

■ We review a trial court's imposition of community supervision conditions under an abuse of discretion standard. *See LeBlanc v. State*, 908 S.W.2d 573, 574 (Tex. App.-Fort Worth 1995, no pet.). TEX.CODE CRIM. PROC. ANN. art. 42.12, § 11(a) permits a trial judge to "impose any reasonable condition ... designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." TEX.CODE CRIM. PROC. ANN. art. 42.12, § 11(a) (Vernon Supp.1999).

■ Trial courts have been given wide discretion in selecting terms and conditions of probation. *Fielder v. State*, 811 S.W.2d 131, 134 (Tex.Crim.App.1991); *Salinas v. State*, 514 S.W.2d 754, 755 n. 1 (Tex.Crim. App.1974). A specific condition of probation will be found to be invalid if it embraces all three of the following characteristics: (1) it has no relationship to the crime, (2) it relates to conduct that is not in itself criminal, and (3) it forbids or requires conduct that is not reasonably related to future criminality of the defendant or does not serve the statutory ends of probation. *Richardson v. State*, 957 S.W.2d 854, 858 (Tex.App.-Tyler 1997, pet. ref'd); *Todd v. State*, 911 S.W.2d 807, 817 (Tex.App.-El Paso 1995, no pet.). Further,

the conditions of probation should bear a reasonable relationship to the treatment of the probationer and the protection of the public. *Macias v. State,* 649 S.W.2d 150, 152 (Tex.App.-El Paso 1983, no pet.).

The term of probation requiring Shipp to complete her schooling is designed to assist in rehabilitating or reforming the defendant. As such, it requires conduct that serves the statutory ends of probation and is not invalid under the standard of review set out above. Further, in this case, directing the defendant to complete her education within one year, when only one semester remained, is not an unreasonable condition. We find that the trial court did not abuse its discretion in imposing this condition upon the defendant.

The judgment is affirmed.