

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-09-00148-CR

_____

MASON ROBERT GOLDSBY, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 08-0399X

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Mason Robert Goldsby, Jr., though ordered to pay child support, accumulated $63,000.00 in unpaid child support obligations. As a result, he was charged with six counts of criminal nonsupport, to which he pled "no contest." *See* TEX. PENAL CODE ANN. § 25.05(a) (Vernon 2003).

The trial court deferred adjudication of Goldsby's guilt and placed him on community supervision for five years, under terms requiring Goldsby to pay $63,000.00 in restitution for the arrearage, to maintain an established residence in Harrison County, and to seek permission before leaving the State of Texas.[1] On appeal, Goldsby challenges the validity of these conditions.[2]

---

[1] Goldsby also contends there is a variation between the oral pronouncement of sentence in which the court indicated Goldsby was to sell his eighteen-wheeler, and the conditions of community supervision, which specify that "If the 18 wheeler is sold, proceeds will be applied to restitution." Goldsby is correct when stating that an oral pronouncement of sentence controls where there is a variation in the written memorialization. *See Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). However, community supervision is an arrangement in lieu of the sentence, and is not a part of the sentence. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3(a) (Vernon Supp. 2009).

[2] A trial court has broad discretion in determining the conditions of supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11 (Vernon Supp. 2009); *Shipp v. State*, 985 S.W.2d 621, 622 (Tex. App.—Texarkana 1999, no pet.) (citing *Fielder v. State*, 811 S.W.2d 131, 134 (Tex. Crim. App. 1991)). Article 42.12 of the Texas Code of Criminal Procedure allows a trial judge to "impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a) (Vernon Supp. 2009); *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999). The condition must be reasonably related to the treatment of the probationer and the protection of the general public. *Shipp*, 985 S.W.2d at 622. We have previously stated that:

A specific condition of [community supervision] will be found to be invalid if it embraces all three of the following characteristics: (1) it has no relationship to the crime, (2) it relates to conduct that is not in itself criminal, and (3) it forbids or requires conduct that is not reasonably related to future criminality of the defendant

Because Goldsby has not preserved his complaint, we need not reach the merits of his appeal. Generally, a defendant must make a timely and specific objection at trial to preserve his complaint on appeal. TEX. R. APP. P. 33.1(a). An award of community supervision is not a right, but a contractual privilege entered into between a court and a defendant. *Speth*, 6 S.W.3d at 534.

> A defendant who benefits from the contractual privilege of probation, the granting of which does not involve a systemic right or prohibition, must complain at trial to conditions he finds objectionable. A trial objection allows the trial court the opportunity to either risk abusing his discretion by imposing the condition over objection or reconsider the desirability of the contract without the objectionable condition.

*Id.* at 534–35. For this reason, the law is well-settled that conditions of community supervision known, but not objected to, are affirmatively accepted as terms of the contract even if they are invalid. *Id.* (holding that imposition of invalid condition of community supervision is not illegal sentence, and that challenge to community supervision condition must be raised in trial court to preserve it for appellate review); *In re Hancock*, 212 S.W.3d 922, 929 n.25 (Tex. App.—Fort Worth 2007, original proceeding) ("The court of criminal appeals has also held that the trial court's imposition of an invalid condition of community supervision is not a void act."); *Hughes v. State*, 194 S.W.3d 649, 655–56 (Tex. App.—Tyler 2006, no pet.). Therefore, we cannot hear an appellate challenge to a condition of community supervision unless the defendant objected to that condition

---

or does not serve the statutory ends of [community supervision].

*Id.*

3

when it was imposed. *Lopez v. State*, 46 S.W.3d 476, 480 (Tex. App.—Fort Worth 2001, pet. ref'd); *Anthony v. State*, 962 S.W.2d 242, 245–46 (Tex. App.—Fort Worth 1998, no pet.). These rules of preservation also apply in the deferred adjudication community supervision context. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999).

At the sentencing hearing, Goldsby was informed that the court was ordering that he pay $63,000.00 in periodic payments over five years and that he report in Harrison County.[3] Goldsby acknowledged receipt of the conditions of community supervision by his signature the day after the hearing. Our review of the record finds no objection to the conditions of Goldsby's community supervision, either at trial or in any motion for new trial. Thus, Goldsby has waived any alleged error. *See Ledet v. State*, 177 S.W.3d 213, 221 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Heiringhoff v. State*, 130 S.W.3d 117, 133–34 (Tex. App.—El Paso 2003, pet. ref'd) (appellant waived claim that condition of community supervision was unreasonable where there was no objection raised to trial court).

---

[3]Specifically, he agreed that his child support arrearage was $63,000.00, discussed that the eighteen-wheeler he had purchased for $80,000.00 was paid off, and stated if the court would give him community supervision, he would pay the child support "with [his] truck, with operating [his] equipment" within five years.

4

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     October 27, 2009
Date Decided:      November 3, 2009

Do Not Publish