In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00148-CR


______________________________




MASON ROBERT GOLDSBY, JR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 71st Judicial District Court


 Harrison County, Texas


Trial Court No. 08-0399X




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Mason Robert Goldsby, Jr., though ordered to pay child support, accumulated $63,000.00
in unpaid child support obligations. As a result, he was charged with six counts of criminal
nonsupport, to which he pled "no contest." See Tex. Penal Code Ann. § 25.05(a) (Vernon 2003).

 The trial court deferred adjudication of Goldsby's guilt and placed him on community
supervision for five years, under terms requiring Goldsby to pay $63,000.00 in restitution for the
arrearage, to maintain an established residence in Harrison County, and to seek permission before
leaving the State of Texas. (1) On appeal, Goldsby challenges the validity of these conditions. (2)
 

 Because Goldsby has not preserved his complaint, we need not reach the merits of his appeal. 
Generally, a defendant must make a timely and specific objection at trial to preserve his complaint
on appeal. Tex. R. App. P. 33.1(a). An award of community supervision is not a right, but a
contractual privilege entered into between a court and a defendant. Speth, 6 S.W.3d at 534. 

A defendant who benefits from the contractual privilege of probation, the granting
of which does not involve a systemic right or prohibition, must complain at trial to
conditions he finds objectionable. A trial objection allows the trial court the
opportunity to either risk abusing his discretion by imposing the condition over
objection or reconsider the desirability of the contract without the objectionable
condition.


Id. at 534-35. For this reason, the law is well-settled that conditions of community supervision
known, but not objected to, are affirmatively accepted as terms of the contract even if they are
invalid. Id. (holding that imposition of invalid condition of community supervision is not illegal
sentence, and that challenge to community supervision condition must be raised in trial court to
preserve it for appellate review); In re Hancock, 212 S.W.3d 922, 929 n.25 (Tex. App.--Fort Worth
2007, original proceeding) ("The court of criminal appeals has also held that the trial court's
imposition of an invalid condition of community supervision is not a void act."); Hughes v. State,
194 S.W.3d 649, 655-56 (Tex. App.--Tyler 2006, no pet.). Therefore, we cannot hear an appellate
challenge to a condition of community supervision unless the defendant objected to that condition
when it was imposed. Lopez v. State, 46 S.W.3d 476, 480 (Tex. App.--Fort Worth 2001, pet. ref'd);
Anthony v. State, 962 S.W.2d 242, 245-46 (Tex. App.--Fort Worth 1998, no pet.). These rules of
preservation also apply in the deferred adjudication community supervision context. Manuel v.
State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). 

 At the sentencing hearing, Goldsby was informed that the court was ordering that he pay
$63,000.00 in periodic payments over five years and that he report in Harrison County. (3) Goldsby
acknowledged receipt of the conditions of community supervision by his signature the day after the
hearing. Our review of the record finds no objection to the conditions of Goldsby's community
supervision, either at trial or in any motion for new trial. Thus, Goldsby has waived any alleged
error. See Ledet v. State, 177 S.W.3d 213, 221 (Tex. App.--Houston [1st Dist.] 2005, no pet.);
Heiringhoff v. State, 130 S.W.3d 117, 133-34 (Tex. App.--El Paso 2003, pet. ref'd) (appellant
waived claim that condition of community supervision was unreasonable where there was no
objection raised to trial court). 





 We affirm the trial court's judgment.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: October 27, 2009

Date Decided: November 3, 2009


Do Not Publish
1. Goldsby also contends there is a variation between the oral pronouncement of sentence in
which the court indicated Goldsby was to sell his eighteen-wheeler, and the conditions of community
supervision, which specify that "If the 18 wheeler is sold, proceeds will be applied to restitution." 
Goldsby is correct when stating that an oral pronouncement of sentence controls where there is a
variation in the written memorialization. See Thompson v. State, 108 S.W.3d 287, 290 (Tex. Crim.
App. 2003). However, community supervision is an arrangement in lieu of the sentence, and is not
a part of the sentence. Tex. Code Crim. Proc. Ann. art. 42.12, § 3(a) (Vernon Supp. 2009). 
2. A trial court has broad discretion in determining the conditions of supervision. Tex. Code
Crim. Proc. Ann. art. 42.12, § 11 (Vernon Supp. 2009); Shipp v. State, 985 S.W.2d 621, 622 (Tex.
App.--Texarkana 1999, no pet.) (citing Fielder v. State, 811 S.W.2d 131, 134 (Tex. Crim. App.
1991)). Article 42.12 of the Texas Code of Criminal Procedure allows a trial judge to "impose any
reasonable condition that is designed to protect or restore the community, protect or restore the
victim, or punish, rehabilitate, or reform the defendant." Tex. Code Crim. Proc. Ann. art. 42.12,
§ 11(a) (Vernon Supp. 2009); Speth v. State, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999). The
condition must be reasonably related to the treatment of the probationer and the protection of the
general public. Shipp, 985 S.W.2d at 622. We have previously stated that:


A specific condition of [community supervision] will be found to be invalid if it
embraces all three of the following characteristics: (1) it has no relationship to the
crime, (2) it relates to conduct that is not in itself criminal, and (3) it forbids or
requires conduct that is not reasonably related to future criminality of the defendant
or does not serve the statutory ends of [community supervision].


Id. 

3. Specifically, he agreed that his child support arrearage was $63,000.00, discussed that the
eighteen-wheeler he had purchased for $80,000.00 was paid off, and stated if the court would give
him community supervision, he would pay the child support "with [his] truck, with operating [his]
equipment" within five years. 



> Tex. R. App. P. 38.1(h). In a trespass to try title suit, where plaintiff's
petition and the resulting judgment fail to adequately describe the real property involved, the lack
of description was fundamental error and error on the face of the record which could be raised on
appeal. See Stovall v. Finney, 152 S.W.2d 887, 890-91 (Tex. App.--Amarillo 1941, no writ). 
Because Plaintiffs did not attack on appeal all grounds for the trial court's grant of summary
judgment or provide evidence to show that they paid taxes on the Kenna tract, and because each of
those failures is dispositive of this appeal, we need not address this point.
3. Mildred Ramsey, Steven Mauldin, Quentin Mumphrey, Jr., and Sathedia Bush also joined
in the appeal although they were not represented or otherwise mentioned in the record below. 
Attorney for other Plaintiffs, Billie Darden Miller and Dorothy Darden, who joined in the same
petition with Appellants, consented to the trial court's entry of summary judgment. 
4. An action attacking a tax sale must be commenced before the first anniversary of the filing
of the tax deed for record or, if the property was homestead or under certain other conditions, before
the second anniversary of the deed's execution. See Tex. Tax Code Ann. § 33.54(a) (Vernon 2008). 
Neither deadline was met here. The only limitations question is whether the limitations exception
contained in Section 33.54(b) of the Texas Tax Code applied. See Tex. Tax Code Ann. §33.54(b)
(Vernon 2008).