**Garland Wilson FIELDER, III, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 488–90.

Court of Criminal Appeals of Texas.

May 15, 1991.

Rehearing Overruled July 3, 1991.

Ken J. McLean, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Lester Blizzard and Mary Lou Keel, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

Appellant pled guilty to the offense of involuntary manslaughter, V.T.C.A., Penal Code, Section 19.05(a)(1). The trial court assessed punishment at confinement for ten years in TDCJID,[1] probated, and a fine in the amount of $1,000.00. As a condition of probation, the trial court required appellant to attend a "Court Residential Treatment Center." On appeal, the court of appeals deleted the two conditions of probation requiring such attendance, and otherwise affirmed appellant's conviction. *Fielder v. State*, 787 S.W.2d 453 (Tex. App.—Houston [1st] 1990). We granted the State's petition to determine whether the trial court had the authority to order appellant's attendance at a "Court Residential Treatment Center."

Section 6e of Article 42.12, V.A.C.C.P.,[2] provides in pertinent part:

(a) If a judge places a defendant on probation under any provision of this article as an alternative to imprisonment in the Texas Department of Corrections, the judge may require as a condition of probation, in addition to the conditions imposed under Section 6 of this article, that the defendant serve a term of not less than three months or more than 12 months in a community rehabilitation center if:

\*    \*    \*    \*    \*    \*

(2) the defendant is not sentenced for a felony offense under Title 5, Penal Code; [footnote omitted] and

(3) the trier of facts determines that the defendant did not cause the bodily injury, serious bodily injury, or death of another as a result of the commission of the offense or use a deadly weapon during the commission of or flight from the offense.

The court of appeals found that the limitations set out in subparts (2) and (3) apply in the instant case because the offense of involuntary manslaughter is contained within Title 5 of the Penal Code and because appellant caused the death of an individual by commission of the offense. Pursuant to Tex.R.App.Pro. 80(b)(2), the court of appeals ordered the conditions requiring participation deleted from the judgment granting probation. The two conditions of probation at issue are as follows:

(n) Instead of sentencing you to the Texas Department of Corrections, you are committed to the community-based facility, H.C.A.P.D.'s Ct. Residential Treatment Center beginning December 18, 1988 @ 6:00 p.m. You are to remain in that facility under custodial supervision and comply with all rules, regulations, and contracts of the facility until successfully discharged or until further order of the Court; Center Tel. # 590–1668 Center Location 1911 Aldine Mail Route, Houston Texas

and

(v) Defendant is committed to the HCAPD's Court Residential Treatment Center located at 1911 Aldine Mail Route, Houston, Texas, telephone number 590–1668, for a period of no less than three (3) months and no more than one (1) year unless otherwise ordered by the court. Defendant is to complete 30 day

---

1. The Texas Department of Criminal Justice, Institutional Division (TDCJID), was formerly known as the Texas Department of Corrections (TDC).

2. Subsequently amended and renumbered as Art. 42.12, §§ 18 and 19, V.A.C.C.P. (effective Sept. 1, 1989). Appellant was sentenced as set forth herein on November 18, 1988.

orientation period either around school schedule or during holiday vacation.

▉ The State, in its petition for discretionary review, concedes that appellant would be barred from attending a "Community Rehabilitation Center" under section 6e of Article 42.12, V.A.C.C.P., but insists that appellant was not committed to such a facility. The State argues that the "Court Residential Treatment Center" to which appellant was committed is not a "Community Rehabilitation Center" under section 6e because it was created pursuant to different standards promulgated by the Adult Probation Commission.[3] It then argues that the statutory limitations placed upon eligibility for admission to a "Community Rehabilitation Center" do not apply to Court Residential Treatment Centers, which are only governed by the requirement that conditions of probation bear a reasonable relationship to the treatment of the accused and the protection of the public.

We begin our analysis with the understanding that there is no statutory authority for the creation of a Court Residential Treatment Center. The State relies on the Texas Adult Probation Commission Standards, effective November 1, 1988, as an indication that the two systems are different. *See* Standards for Adult Probation Services in Texas (1988). Standard 321.12 covers "Community Rehabilitation Centers," and sets out requirements for admission which include some closely tracking those in section 6e. *Id.* at § 321.12. Standard 321.12(c) reads:

c. **Eligibility for Placement.** To be eligible for placement in a rehabilitation center the offender:

1. must have been convicted or pled guilty or nolo contendere to a felony offense other than those under the Penal Code, Title 5, (those offenses include murder, capital murder, voluntary manslaughter, false imprisonment, kidnapping, indecency with a child, assault, aggravated assault, sexual assault, aggravated sexual assault, deadly assault on a law enforcement or corrections officer or

a court participant, injury to a child or an elderly individual, abandoning or endangering a child, terroristic threat, tampering with a consumer product or leaving a child in a vehicle);

2. must not have caused bodily injury as a result of the commission of the offense;

3. did not use a deadly weapon during the commission of or flight from the offense;

4. must be employable; and,

5. would have been incarcerated at the TDC if it were not for the availability of the rehabilitation center.

*Id.* at § 321.12(c).

Standard 321.14 covers "Court Residential Treatment Centers" and does not track the section 6e requirements for admission. *See* Standards for Adult Probation Services in Texas § 321.14 (1988). Standard 321.14 does not include such detailed requirements for admissibility, stating in pertinent part:

a. **Population.** The primary population to be served by the Court Residential Treatment Center (CRTC) is felony offenders who are exhibiting drug and alcohol abuse problems, mental health problems or who can benefit from the treatment models utilized by the CRTC.

\*　\*　\*　\*　\*　\*

h. **Denying Admission.** The judicial district court and the adult probation department shall give the CRTC director the authority to deny admission of a prospective resident if that offender is inappropriate for placement in a CRTC or if the CRTC has reached its capacity.

\*　\*　\*　\*　\*　\*

n. **Case Classification.** The probation department shall require the CRTC to utilize the TAPC Case Classification and TAPC Case Management Systems (reintegration model) as part of the intake, assessment, reassessment, and termination processes.

---

**3.** Now the Texas Department of Criminal Justice—Community Justice Assistance Division.

*Id.* There are no allegations that the Court Residential Treatment Center to which appellant was committed does not meet these standards.

It is obvious that the two systems, while similar, are not identical and are designed to serve differing purposes and populations. The "Community Rehabilitation Center" was created by the legislature with strict guidelines for admission, as reflected in the Adult Probation Commission's Standards relating to the establishment of such centers. The Court Residential Treatment Center was created as a part of the local probation department utilizing standards established by the Adult Probation Commission and not the legislature. Appellant does not dispute either the ability of the Commission to set such standards or the inherent power of the Court to impose conditions of probation which are reasonably related to the treatment of the probationer and the protection of the public. We find that the creation of such a "Court Residential Treatment Center" does not in any way infringe upon the power of the legislature to create Community Rehabilitation Centers, and that the creation and usage of the former, consistent with standards set by the appropriate authority, is a part of the inherent power of the trial court to set reasonable conditions of probation.

■ The State does not rely on any statutory grounds but, instead, relies on the inherent power of the court to impose conditions of probation which are reasonably related to the treatment of the probationer and the protection of the general public. We agree that the trial courts do have such wide-ranging authority. *Tamez v. State,* 534 S.W.2d 686 (Tex.Cr.App.1976). In *Hernandez v. State,* 556 S.W.2d 337, 342 (Tex. Cr.App.1977), the Court wrote:

> Where the trial court grants probation, it has wide discretion in selecting conditions of probation. *Tamez v. State,* 534 S.W.2d 686, 691 (Tex.Cr.App.1976); *Salinas v. State,* 514 S.W.2d 754 (Tex.Cr. App.1974) (footnote # 1). The conditions are not limited to those suggested in the statute, see Article 42.12, § 6, Vernon's Ann.C.C.P., but they should be "reason-able" as expressly provided by the statute. Article 42.12, § 3d(a), Vernon's Ann.C.C.P. And in light of the provisions of the statute, it would seem that permissible conditions should have a reasonable relationship to the treatment of the accused and the protection of the public.

The record reflects that appellant had a blood alcohol level of .16 at the time of his arrest for the instant offense. There was testimony that appellant had been smoking marihuana during the evening of the fatal collision and that he had smoked marihuana since the age of 14. There was additional testimony that appellant and his peer group used other substances, including cocaine and ecstasy. A condition of probation requiring a defendant to seek treatment for drug usage is reasonably related to problems such as those revealed here and a trial court would be warranted in finding that such treatment would be beneficial both to appellant and the public.

Appellant argues in reply that the State waived its argument that the two systems are different since it did not raise such argument until the filing of its motion for rehearing in the Court of Appeals. *Tallant v. State,* 742 S.W.2d 292 (Tex.Cr.App. 1987); *Angel v. State,* 740 S.W.2d 727 (Tex. Cr.App.1987). However, we find no waiver here since the State's argument on original submission below, that the trial court was acting within its inherent authority to set reasonable conditions of probation, implicitly included the premise that the Court Residential Treatment Center is not the same as a statutory Community Rehabilitation Center.

Accordingly, the action of the Court of Appeals in reforming the conditions of probation is reversed, and the conditions are ordered reinstated. The judgments of the Court of Appeals, as reformed, and of the trial court are affirmed.

CLINTON, J., concurs in the result.