NUMBER 13-00-754-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


DOUGLAS EDWARD HIRSCH , Appellant,
v.



THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the County Court

of DeWitt County, Texas.

__________________________________________________________________


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Justice Rodriguez


Appellant, Douglas Edward Hirsch (Hirsch), brings this appeal following a conviction for possession of marijuana. By six
issues, Hirsch contends the trial court erred (1) in failing to provide him with an impartial jury, (2) by sustaining the State's
objection to his opening statement about the role of the jury, and (3) in assessing punishment. We affirm.

As this is a memorandum opinion not designated for publication, and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.1.

In his first issue, Hirsch contends the trial court erred by allowing a courthouse employee to sit on the jury. However,
Hirsch has failed to preserve error, if any, for our review. Not only did Hirsch fail to lodge an objection, see Tex. R. App.
P. 33.1, he also failed to offer a bill of exceptions, see Tex. R. App. P. 33.2, and a motion for new trial, see Trout v. State,
702 S.W.2d 618, 620 (Tex. Crim. App. 1985). 

Additionally, even if error had been properly preserved, no reversible error has been shown. Hirsch claims the juror in
question withheld material information. See Mathews v. State, 803 S.W.2d 347, 350 (Tex. App.-Houston [14th Dist.]
1990, no pet.). When a juror withholds material information during the voir dire process, the parties are denied the
opportunity to exercise their challenges, thus hampering their selection of a disinterested and impartial jury. Salazar v.
State, 562 S.W.2d 480, 482 (Tex. Crim. App. 1978). Information is withheld, however, only if counsel asks questions
calculated to bring out that information. See Jones v. State, 596 S.W.2d 134, 137 (Tex. Crim. App. 1980). In this case,
Hirsch asked the jury pool:

I was just curious if there was anybody in the courtroom that felt that they were socially friends with [the prosecutor]. And
I'm not just- - not just to know him in passing. He's a member of the community and so forth. Just that you may have
social contact outside the courthouse. Is there anybody that feels that they are friends with [the prosecutor]?

Although some jurors responded, Hirsch did not challenge any of them for cause. Further, there is no evidence the juror in
question has any type of relationship with the prosecutor. Assuming the juror did work in the same building as the
prosecutor, Hirsch failed to show any potential for prejudice or bias on the juror's part. See Decker v. State, 717 S.W.2d
903, 907 (Tex. Crim. App. 1986) (op. on reh'g). Hirsch 's first issue is overruled.

In his second issue, Hirsch contends the trial court erred by sustaining the State's objection to part of his opening statement.
The purpose of an opening statement is to communicate to the jury the party's theory of the case in order to aid the jury in
evaluating and understanding the evidence as it is being presented. McGowen v. State, 25 S.W.3d 741, 747 (Tex.
App.-Houston [14th Dist.] 2000, pet. ref'd) (citing James R. Lucas, Opening Statement, 13 U. Haw. L. Rev. 349, 350
(1991)). The Texas Code of Criminal Procedure specifically provides that the opening statement by the defendant shall
state "[t]he nature of the defenses relied upon and the facts expected to be proved in their support. . . ."  Tex. Code Crim.
Proc. Ann. art. 36.01 (Vernon 1981 & Supp. 2002). However, the character and extent of opening statements are subject to
the control of the trial court. See Norton v. State, 564 S.W.2d 714, 718 (Tex. Crim. App. 1978). In this instance, Hirsch
went beyond the scope of a proper opening statement by instructing the jury that their duty was "to judge the law as well as
the facts." See Tex. Code Crim. Proc. Ann. art. 36.01. After a timely objection by the State, the trial court sustained the
objection and stated that "[the jury is] not here to decide whether the law is just or not. They're here to decide the facts. . .
." It is well settled that the jury is the trier of the facts, see e.g., Tex. Code Crim. Proc. Ann. art. 36.13 (Vernon
1981);Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981); Faison v. State, 59 S.W.3d 230, 236 (Tex.
App.-Tyler 2001, pet. ref'd), and is bound by the law received by the trial court from its charge, see Tex. Code Crim. Proc.
Ann. arts. 36.13, 36.14 (Vernon 1981 & Supp. 2002); Powers v. State, 737 S.W.2d 53, 54 (Tex. App.-San Antonio 1987,
pet. ref'd). Therefore, the trial court did not err in sustaining the State's objection. Accordingly, Hirsch's second issue is
overruled.

In his third through sixth issues, Hirsch contends the trial court erred in assessing his punishment. Specifically, in issues
three, four, and six, Hirsch complains the trial court assessed an improper punishment, and further erred by correcting the
punishment by nunc pro tunc judgment. 

The trial court's original judgment assessed punishment at confinement for a period of one year, probated for one year.
Section 481.121 of the Texas Health and Safety Code states that possession of two ounces or less of marihuana is a Class B
misdemeanor. See Tex. Health & Safety Code Ann. § 481.121 (Vernon 1992 & Supp. 2002). Punishment under a Class B
misdemeanor may not exceed a fine of $2,000.00 and, or, may not exceed confinement in jail for a term longer than 180
days. See Tex. Pen. Code Ann. § 12.22 (Vernon 1994). Therefore, the court's original judgment was in error and is void.
See, e.g., Ex parte Seidel, 39 S.W.3d 221, 225 n.4 (Tex. Crim. App. 2001) (a sentence is void when unauthorized by law). 

The trial court subsequently entered another judgment entitled "Judgment of Probation Nunc Pro Tunc." This judgment
assessed a proper sentence. Appellant contends nunc pro tunc judgments may only be used to correct clerical, not judicial,
omissions or errors. See Ex parte Dopps, 723 S.W.2d 669, 671 (Tex. Crim. App. 1986). This is a correct proposition of
law, however, if the previous punishment is void, the assessment of a proper sentence is not a correction. See Villarreal v.
State, 590 S.W.2d 938, 939 (Tex. Crim. App. 1979). Therefore, no error was committed. 

Hirsch further contends the trial court erred by assessing unreasonable conditions of probation. A trial court has broad
discretion in selecting conditions of community supervision. See Fielder v. State, 811 S.W.2d 131, 134 (Tex. Crim. App.
1991). We review a trial court's imposition of community supervision under an abuse of discretion standard. See LeBlanc
v. State, 908 S.W.2d 573, 574 (Tex. App.-Fort Worth 1995, no pet.). A condition of probation must have a reasonable
relationship to the treatment of the accused and the protection of the public. See Tamez v. State, 534 S.W.2d 686, 691
(Tex. Crim. App. 1976). The trial court may impose any reasonable condition that is designed to protect or restore the
community, protect or restore the victim, or punish, rehabilitate, or reform the defendant. See Tex. Code Crim. Proc. Ann.
art. 42.12, § 11(a) (Vernon 1996 & Supp. 2002); Richardson v. State, 957 S.W.2d 854, 858 (Tex. App.-Tyler 1997, pet.
ref'd). The two conditions that Hirsch complains of are the suspension of his drivers license for 180 days and the successful
completion of a drug offender program. (1) We find the trial judge did not abuse his discretion in imposing these conditions
as they serve the statutory ends of probation. See Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a); Fielder, 811 S.W.2d at
134; Tamez, 534 S.W.2d at 691; Richardson, 957 S.W.2d at 858. Accordingly, issues three, four, and six are overruled.

In issue five, Hirsch's contends the State cited the wrong authority when it asked for a motion for new trial as to the
punishment phase. This argument is moot because the court denied the motion for new trial and entered a valid sentence
and punishment on its own. Accordingly, Hirsch's fifth issue is overruled.

The judgment of the trial court is affirmed. 

NELDA V. RODRIGUEZ

Justice

Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 21st day of February, 2002.

1. Hirsch also contends the State instituted the conditions of probation rather than the trial court. However, the only
evidence in the record that could possibly support this contention is the State's recommendation for the suspension of
Hirsch's drivers license to the trial court. We find that this was only a recommendation and not an imposition of a
condition of community supervision.