In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-09-00161-CR


 _____________________





STACY BRENNAN SCHULTZ, Appellant



V.



THE STATE OF TEXAS, Appellee









On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 08-06-05713 CR






MEMORANDUM OPINION


 Stacy Schultz appeals the portion of the trial court's judgment assessing restitution as
a condition of her community supervision. We affirm the trial court's judgment.

 Schultz was charged with credit card abuse. See Tex. Pen. Code Ann. § 32.31(b)
(Vernon Supp. 2009). (1) She entered a plea of guilty. (2) The trial court found Schultz guilty,
and sentenced her to two years' confinement in a state jail facility, probated for two years. 
The trial court ordered Schultz to serve thirty days in county jail as a condition of community
supervision. Restitution was not discussed on the record at the initial hearing suspending the
sentence. Schultz was taken into custody and placed in jail for thirty days. 

 After her release, the State filed a "Restitution Hearing Setting Notice." Over defense
counsel's objections, the trial court held the hearing on restitution. The docket entry for the
initial hearing states that a written judgment was not prepared after the initial hearing because
the restitution amount was in dispute. The trial court heard testimony from a witness and
arguments from counsel, and ordered Schultz to pay restitution as a condition of her
community supervision. The written judgment placing Schultz on community supervision
includes a restitution order. (3)

 Schultz argues that because restitution was not included in the oral pronouncement
at the initial hearing, the trial court erred in including restitution in the written judgment. She
asks that this Court modify the judgment to delete the restitution requirement. 

 The sentence in a felony case is pronounced in the defendant's presence. See Tex.
Code Crim. Proc. Ann. art. 42.03, § 1 (Vernon Supp. 2009) (providing that "sentence shall
be pronounced in the defendant's presence"). The parties are present and able to hear and
respond to the imposition of sentence. Ex parte Madding, 70 S.W.3d 131, 135 (Tex. Crim.
App. 2002). The judgment is the written declaration and embodiment of the oral
pronouncement. Tex. Code Crim. Proc. Ann. art. 42.01, § 1 (Vernon Supp. 2009);
Madding, 70 S.W.3d at 135. When the pronouncement of sentence and the written judgment
vary, the oral pronouncement controls. Taylor v. State, 131 S.W.3d 497, 500 (Tex. Crim.
App. 2004). 

 The Texas Court of Criminal Appeals stated in Ex Parte Cavasos, 203 S.W.3d 333,
338 (Tex. Crim. App. 2006), that "restitution is punishment." Schultz relies on Weir v. State,
252 S.W.3d 85 (Tex. App.--Austin 2008), aff'd in part and rev'd in part, 278 S.W.3d 364,
367 (Tex. Crim. App. 2009), in arguing that the order of restitution must be deleted. In Weir,
the defendant was ordered to pay restitution as a condition of his probation, which was later
revoked. Id. at 86. During the revocation hearing, the court adjudicated the appellant guilty
and sentenced the defendant to ten years' confinement in prison. Id. at 87. The trial court
did not mention the previously ordered restitution or court costs in its oral pronouncement. 
Id. The written judgment required the defendant to pay the restitution and costs. Id.

 The Austin Court of Appeals held that restitution must be pronounced orally to be
included in the written judgment. Id. at 87-88. The court also held that the costs provision
in the written judgment had to be deleted after deciding that court costs are at least in part
punitive. Id. at 88-90. 

 The State appealed the decision, raising only the issue of whether or not the
assessment of court costs must be included in the oral pronouncement of sentence. See Weir
v. State, 278 S.W.3d at 365 n.2. The Court of Criminal Appeals held that the court costs
were not punitive and therefore did not have to be included in the oral pronouncement of
sentence in that case as a precondition to their inclusion in the trial court's written judgment. 
Id. at 367. The remainder of the judgment was affirmed. Id. In a footnote, the Court noted
that the State did not challenge "the court of appeals' decision with respect to the restitution
issue." Id. at n.9. 

 Weir involved a restitution order after revocation of probation. The State contends
any requirement that a trial court orally pronounce a restitution order at the time of
sentencing should not apply when payment of restitution is a condition of probation, and
when the sentence is therefore suspended rather than imposed. The State also argues the
determination of punishment was not complete until the restitution issue was resolved.

 Schultz argues that she began serving her sentence immediately because she was
placed in jail after the initial hearing. However, community supervision is an arrangement
in lieu of the sentence; it is not part of the sentence. See Tex. Code Crim. Proc. Ann. art.
42.12, § 3(a) (Vernon Supp. 2009); Speth v. State, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999)
(holding that "sentence" does not include the assessment of conditions of probation). A
judge may impose confinement in jail as a condition of community supervision. Tex. Code
of Crim. Proc. Ann. art. 42.12 §§ 12(a), (b), 18(b). Appellant's confinement in the county
jail was a condition of her community supervision, not part of her sentence. The sentence
was suspended. See Tex. Code Crim. Proc. Ann. art. 42.12, § 3; see Bailey v. State, 160
S.W.3d 11, 15 (Tex. Crim. App. 2004), see Speth, 6 S.W.3d at 532. 

 The order requiring Schultz to pay restitution was imposed as a condition of
community supervision under article 42.037(h) of the Texas Code of Criminal Procedure. 
See Tex. Code Crim. Proc. Ann. art. 42.037(h) (Vernon Supp. 2009). (4) Article 42.037(e)
of the Texas Code of Criminal Procedure states in part that "[t]he imposition of the order [of
restitution] may not unduly complicate or prolong the sentencing process." Tex. Code Crim.
Proc. Ann. art. 42.037(e) (Vernon Supp. 2009). In Bailey v. State, the Texas Court of
Criminal Appeals explained that this part of article 42.037(e), which "essentially includ[es]
restitution in the 'sentencing process,' implies that restitution is imposed as part of the
original sentence, and that the sentence is not complete until restitution is imposed." 160
S.W.3d at 15. 

 The question presented in this case is whether the suspension of the sentence at the
initial hearing allowed the trial court to orally pronounce restitution at a subsequent hearing. 
We believe Bailey implicitly answers this question. In that case, the defendant pleaded guilty
on February 12 and the trial court adjudicated him guilty of the charged offense, assessed
punishment at five years' confinement, suspended imposition of the sentence, and ordered
conditions of community supervision. Bailey, 160 S.W.3d at 12. The trial court reset the
case for a hearing on March 12 to consider the State's request for restitution as a further
condition of community supervision. Id. The defendant reserved the right to appeal any
restitution order. Id. After the March 12 hearing, the court ordered Bailey to pay restitution. 
Id. The defendant filed his notice of appeal. Id. The court of appeals dismissed the appeal,
concluding that the notice of appeal had been filed more than thirty days after sentence was
suspended in open court. Id. at 12-13; see Tex. R. App. P. 26.2(a)(1). The Court of Criminal
Appeals concluded, however, that "[i]n the unique facts of this case, the parties considered
the sentencing to be incomplete until the amount of restitution, if any, was set." Id. at 16. 
The Court held that the notice of appeal was timely filed. See id. 

 The premise for the Court's holding in Bailey was that the sentencing process was not
complete until the date the restitution was awarded. See id. at 16 n.4. Because in this case
the sentence was suspended and the sentencing process remained incomplete when the
restitution was orally pronounced in open court, the trial court did not err in subsequently
including restitution in the written judgment. 

 Appellant's issue is overruled. The judgment is affirmed. 

 AFFIRMED. 

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on November 5, 2009

Opinion Delivered January 27, 2010

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Because the applicable sections of the statutes cited in this Opinion have not changed
substantively since the date of Schultz's offense, we cite to the current versions of the
statutes. 
2. In the plea admonishments, Schultz acknowledged that she "fully underst[oo]d" that
"if community supervision in any form is recommended, the Court has the discretion to
impose any reasonable condition of supervision (including confinement in various facilities,
treatment and restitution) without violating the plea agreement, if any, unless the plea
agreement expressly limits or prohibits such a condition."
3. The trial judge subsequently signed a judgment nunc pro tunc changing only the
recipient of the restitution.
4. A trial court has broad discretion in determining the conditions of supervision. See
Tex. Code Crim. Proc. Ann. art. 42.12, § 11 (Vernon Supp. 2009); Fielder v. State, 811
S.W.2d 131, 134 (Tex. Crim. App. 1991). Article 42.12 of the Texas Code of Criminal
Procedure allows a trial judge to "impose any reasonable condition that is designed to protect
or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the
defendant." Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a) (Vernon Supp. 2009); Speth
v. State, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999).