# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00700-CR

**Eric Brandon Willberg, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT NO. A-01-881-S, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING

## &

## NO. 03-10-00701-CR

**Eric Brandon Willberg, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT NO. B-07-0456-S, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On November 14, 2002, appellant Eric Willberg pled guilty to forgery by passing (the "forgery charge"). Tex. Penal Code Ann. § 32.21(d) (West 2011). The trial court placed him on deferred adjudication for a period of five years, which was extended by four years due to repeated

violations of his community supervision. On August 24, 2008, Willberg pled guilty to fraudulent use and possession of identifying information. *Id.* § 32.51(b). The court convicted him of this charge and sentenced him to 730 days in jail, but suspended his sentence and placed him on three years of community supervision (the "fraudulent use conviction"). On January 29, 2010, the State moved to adjudicate guilt for Willberg's forgery charge based on an alleged violation of a condition of his community supervision. Similarly, on March 4, 2010, the State moved to revoke Willberg's community supervision for his fraudulent use conviction based on the same alleged violation. After a hearing in which Willberg pleaded "true" to the State's allegation in both cases, the trial court revoked Willberg's deferred adjudication, found him guilty of forgery by passing, and sentenced him to 730 days in jail. The court also revoked Willberg's community supervision for his fraudulent use conviction. On appeal, Willberg argues that he received ineffective assistance of counsel and the trial court erred in denying his motion for new trial on this basis. We affirm the trial court's judgments.

## BACKGROUND

On November 5, 2001, Willberg was indicted on three counts of forgery by passing. As a condition of dismissal of the second and third counts, Willberg pled guilty to one count of forgery by passing on November 14, 2002. The trial court found the evidence sufficient to establish guilt but deferred a finding of guilt and placed Willberg on community supervision for five years.

Five months after being placed on deferred adjudication, the State filed its first motion to revoke Willberg's community supervision based on his failure to pay court ordered fees and perform community service. In lieu of revocation, the court ordered Willberg's supervision term

2

be extended by one year. Seven months later, the State filed its second motion to revoke supervision for, among other things, "failure to avoid injurious or vicious habits." Again, in lieu of revocation, the court extended Willberg's supervision term by one year and ordered that he be placed in a community correction facility (CCF). Within a month of being discharged from CCF, Willberg's community supervision was amended a third time to require that he be placed in a Substance Abuse Felony Punishment Facility (SAFPF). On January 19, 2007, the State filed its third motion to revoke Willberg's community supervision. Once again, in lieu of revocation, the court amended Willberg's supervision for the fourth time, extending supervision by one year and again ordering him into SAFPF.

On March 27, 2007, Willberg was indicted for fraudulent use and possession of identifying information. In July of 2008, Willberg pled guilty to this charge. The court convicted him and sentenced him to 730 days in state jail but suspended the sentence and placed Willberg on three years of community supervision, again ordering him into SAFPF.

On August 12, 2008, Willberg began his first term at SAFPF. By November, the court began receiving reports from SAFPF that Willberg was argumentative and refused to obey orders. In November, SAFPF recommended that Willberg be unsuccessfully discharged from the program due to his multiple violations.[1] Following this discharge, a fourth motion to revoke

---

[1] SAFPF has four levels of discharge: completion, inappropriate placement or unable to participate, violation of program, and other. *See* 37 Tex. Admin. Code § 163.40(p) (West 2011) (Tex. Dep't Crim. J., Substance Abuse Treatment). Violation of the program is considered an unsuccessful discharge. *Id.*

Willberg's supervision was filed. On September 17, 2009, the court amended Willberg's supervision for his forgery charge for the fifth time, and included the following provision:

> (cc) Defendant is required to serve a term of confinement and treatment in a Relapse Substance Abuse Felony Punishment Facility (SAFPF), under section 493.009(b) of the Government Code, for a term of not less than 90 days or more than 1 year, and upon successful completion of the program, the Defendant is required to participate in a drug or alcohol abuse continuum of care treatment plan as developed by the Texas Commission on Alcohol and Drug Abuse, abiding by all rules and regulations of said treatment plan until discharged by the staff of the continuum of care program.

The same day, the community supervision for Willberg's fraudulent use conviction was amended to include the same provision (hereinafter collectively referred to as the "SAFPF Condition"). At the time the court amended his community supervision, Willberg consented to the SAFPF Condition in writing and waived his right for a hearing to contest the amendments.

Willberg entered SAFPF for the second time on September 29, 2009. In December of 2009, Willberg informed his probation officer that he did not want to continue in the program. The probation officer advised him that if he quit SAFPF, the State would file a motion to revoke his probation and recommended that Willberg "think about it" over the weekend. When the probation officer called the following Monday, Willberg stated that he understood the consequences but still wanted to quit. Upon failing to complete the program, Willberg was unsuccessfully discharged from SAFPF on January 19, 2010, after serving 113 days.

On January 29, 2010, the State filed its final motion to revoke Willberg's deferred adjudication for his forgery charge and proceed to adjudicate guilt. Similarly, on March 4, 2010, the State filed a motion to revoke community supervision for Willberg's fraudulent use conviction. The

4

State alleged that Willberg did not satisfy the terms of his supervision because he was unsuccessfully discharged from SAFPF. On a hearing for both motions, Willberg pleaded "true" to the State's allegations. The trial court revoked Willberg's deferred adjudication, found him guilty of forgery by passing, and sentenced him to 730 days in a state-jail facility. The court similarly revoked community supervision for his fraudulent use conviction and ordered him to serve his original 730-day sentence.[2]

Following sentencing, Willberg was assigned a new attorney, who filed a motion for new trial in both causes on the grounds that Willberg was denied effective assistance of counsel at his revocation hearing. The motions for new trial were not supported by affidavits. The trial court's docket sheets indicate that a hearing was held on the motions for new trial, but the appellate record does not contain a transcript of the hearing. The docket sheets reflect that the motions for new trial were denied. This appeal followed.

**DISCUSSION**

In his sole point of error, Willberg argues that his trial attorney's actions denied him effective assistance of counsel as guaranteed by the Sixth Amendment. *See* U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668 (1984). Willberg claims his trial attorney provided ineffective assistance of counsel at his revocation hearing because she advised him to plead "true" and because she failed to contest the State's ground for revocation. Willberg contends that his trial attorney should have argued that "successful completion" of SAFPF was not a true requirement of

---

[2] The court ordered these sentences to run concurrently.

5

the SAFPF Condition, and thus his failure to complete SAFPF was not a violation of his community supervision.

We review the trial court's denial of a motion for new trial for abuse of discretion. *See State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007). Therefore, "when analyzing the trial court's failure to grant a motion for new trial on the basis of ineffective assistance of counsel, we view the relevant legal standards through the prism of abuse of discretion." *Ramirez v. State*, 301 S.W.3d 410, 415 (Tex. App.—Austin 2009, no pet.) (citing *State v. Gill*, 967 S.W.2d 540, 542 (Tex. App.—Austin 1998, pet. ref'd)). A trial court abuses its discretion only when no reasonable view of the record would support the trial court's ruling. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).

A community supervision revocation hearing is administrative in nature and is not part of a criminal prosecution. *See Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Nonetheless, a defendant has a right to counsel at a revocation hearing. Tex. Code Crim. Proc. Ann. art. 42.12 § 21(d) (West 2011); *Hill v. State*, 480 S.W.2d 200, 203 (Tex. Crim. App. 1972). This right to assistance of counsel includes the right to effective assistance of counsel as set out in *Strickland*. 466 U.S. at 687-89; *see also Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009) (citing *Strickland* as applicable standard for ineffective assistance of counsel at revocation hearing); *Chetwood v. State*, 31 S.W.3d 368, 369 (Tex. App.—San Antonio 2000, pet ref'd).

Under *Strickland*, appellant must show that (1) counsel's performance was deficient to the extent that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment, and (2) the deficient performance prejudiced the defense. 466 U.S. at 687. Counsel's performance

6

is deficient when it falls "below an objective standard of reasonableness" based upon "prevailing professional norms." *Strickland*, 466 U.S. at 687; *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010). Our review of counsel's performance must be highly deferential; we presume that counsel makes all significant decisions in the exercise of reasonable judgment. *Strickland*, 466 U.S. at 689; *Garcia v. State*, 887 S.W.2d 862, 880 (Tex. Crim. App. 1994); *Delrio v. State*, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). Willberg has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991).

***Proposed defense to revocation***

Willberg argues that his trial attorney's performance was deficient because she advised him to plead "true" to the State's allegation that he violated his community supervision by failing to successfully complete SAFPF. Willberg claims that "successful completion" of SAFPF was not a true requirement of the SAFPF Condition.[3] According to Willberg, the SAFPF Condition required (1) that he spend a minimum of 90 days in the program, and (2) if he successfully completed SAFPF, that he then must participate in a continuum of care. Given that he was in SAFPF for 113 days, Willberg claims that he satisfied the SAFPF Condition and therefore did not violate his community supervision.

---

[3] At the time his supervision was amended to include the SAFPF Condition, Willberg stated in writing that he understood and consented to the modified conditions of his supervision. Therefore, his trial attorney was barred from claiming that the SAFPF Condition was vague at his revocation hearing. *See Rickels v. State*, 108 S.W.3d 900, 902 (Tex. Crim. App. 2003) (holding that if defendant had opportunity to challenge modifications of supervision, vagueness cannot be raised as defense at revocation). Thus, the only claim that Willberg's attorney could have raised at the revocation hearing was that the SAFPF Condition did not actually require completion of SAFPF.

7

Community supervision is a privilege, not a right. *See Flores v. State*, 904 S.W.2d 129, 130 (Tex. Crim. App. 1995). When a trial court grants community supervision, it effectively extends clemency to a defendant on the condition that the defendant abide by the rules and requirements of the supervision. *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999) (citations omitted). Trial courts have a wide range of discretion to set any reasonable term of community supervision that is designed to protect the community, restore the victim, and punish or rehabilitate the defendant. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 11(a) (West 2011); *Fielder v. State*, 811 S.W.2d 131, 134 (Tex. Crim. App. 1991) (noting that trial court is not limited to conditions for community supervision that are "suggested in the statute"); *Lilly v. State*, No. 03-97-00356-CR, 1998 Tex. App. LEXIS 4093, *4-5 (Tex. App.—Austin July 2, 1998, pet. ref'd) (not designated for publication) ("[A] trial court . . . imposing conditions of community supervision is not limited to the conditions set forth in the statute."). Article 42 of the Texas Code of Criminal Procedure provides that a trial court may require a defendant to enroll in a SAFPF treatment facility as a condition of community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 14 (West 2011). However, the statute does require that when a court orders a defendant into SAFPF, it (1) must be for an indeterminate term of not less than 90 days nor more than one year, and (2) upon discharge from SAFPF, the defendant must participate in a continuum of care. *Id.* § 14(a), (c).[4] A trial court may, in the exercise of its discretion, impose requirements for participation in SAFPF beyond those

<hr>

[4] Additionally, the statute requires the Texas Department of Criminal Justice to adopt rules of conduct and treatment for persons admitted to SAFPF as a condition of community supervision. Tex. Gov. Code Ann. § 493.009(f) (West 2011) (citing Tex. Code Crim. Proc. Ann. art. 42.12 § 14 (West 2011)).

enumerated in the statute.  *See Fielder*, 811 S.W.2d at 134; *Burke v. State*, No. 03-09-00543-CR, 2010 Tex. App. LEXIS 7238, *8-9 (Tex. App.—Austin Aug. 31, 2010, pet. ref'd) (mem. op., not designated for publication) (holding that revoking community supervision for unauthorized leave from continuum of care was not abuse of discretion).

In construing the meaning of the SAFPF Condition, we look at the language of the condition as a whole and assume a reasonable meaning and effect.  *See Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404-05 (Tex. 1971) ("The same rules of interpretation apply in construing the meaning of a court order or judgment as in ascertaining the meaning of other written instruments."); *Freightliner Corp. v. Motor Vehicle Bd.*, 255 S.W.3d 356, 363 (Tex. App.—Austin 2008, pet. denied).  In this case, the plain language of the SAFPF Condition is reasonably construed to require successful completion of SAFPF.  After describing the duration of treatment, the SAFPF Condition states "*and* upon *successful completion* of the [SAFPF] program, the Defendant is required to participate in a drug and alcohol abuse continuum." (emphasis added).  The conjunction "and" connects the duration of treatment requirement with the "successful completion" requirement, making both necessary elements of the SAFPF Condition.  *See Tovar v. State*, 978 S.W.2d 584, 586-87 (Tex. Crim. App. 1998) (noting that conjunction "and" connects separate elements of a statute, both of which must be satisfied).  Therefore, the SAFPF Condition can reasonably be interpreted to require Willberg to (1) remain in SAFPF for not less than 90 days or more than one year, (2) "successfully complete" SAFPF within that term, and (3) upon successful completion, enroll in a continuum of care.  The court's requirement that Willberg successfully complete SAFPF falls within its discretion and is consistent with the statutory requirement that all defendants participate

9

in a continuum of care upon discharge from SAFPF. *See* Tex. Code Crim. Proc. Ann. art. 42.12 §§ 11, 14(a), (c); *see also Fielder*, 811 S.W.2d at 134; *Burke*, 2010 Tex. App. LEXIS 7238, *8-9.[5]

Furthermore, Willberg's proposed interpretation of the condition would lead to a result that is inconsistent with the statute. Willberg claims that the SAFPF Condition required him to (1) stay in SAFPF for at least 90 days, and (2) *only if* he was successfully discharged from SAFPF, seek a continuum of care. Willberg claims that only the first element is applicable in his case and that he satisfied this element by staying in SAFPF for more than 90 days. He implies that the second element did not require him to seek continuing care because he did not "successfully complete" SAFPF. This interpretation creates an outcome where a defendant who is unsuccessfully discharged from SAFPF is excused from further treatment while a defendant who completes SAFPF is required to seek additional care. This result would contradict the statutory requirement that all defendants be placed in continuing care upon discharge from SAFPF. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 14(c). We do not assume the trial court or the legislature intended such an outcome. *See* Tex. Gov't Code Ann. § 311.021 (West 2011).

Therefore, the only reasonable interpretation of the SAFPF Condition is that Willberg was required to successfully complete SAFPF. Thus, his trial attorney's decision not to raise Willberg's proposed interpretation of the SAFPF Condition was not in error, let alone deficient. Because Willberg failed to present evidence that his trial attorney provided ineffective assistance,

---

[5] It is also consistent with the Texas Department of Criminal Justice's classification of discharges, which lists "absconding from the program" as a violation of SAFPF. *See* 37 Tex. Admin. Code § 163.40(p)(3) (West 2011).

the trial court did not abuse its discretion in denying his motion for new trial.  Willberg's sole point of error is overruled.

## CONCLUSION

We affirm the trial court's judgments.


_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed:   December 2, 2011

Do Not Publish

11