TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00700-CR






Eric Brandon Willberg, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT

NO. A-01-881-S, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING





&






NO. 03-10-00701-CR






Eric Brandon Willberg, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT

NO. B-07-0456-S, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



On November 14, 2002, appellant Eric Willberg pled guilty to forgery by passing (the
"forgery charge"). Tex. Penal Code Ann. § 32.21(d) (West 2011). The trial court placed him on
deferred adjudication for a period of five years, which was extended by four years due to repeated
violations of his community supervision. On August 24, 2008, Willberg pled guilty to fraudulent
use and possession of identifying information. Id. § 32.51(b). The court convicted him of this
charge and sentenced him to 730 days in jail, but suspended his sentence and placed him on
three years of community supervision (the "fraudulent use conviction"). On January 29, 2010, the
State moved to adjudicate guilt for Willberg's forgery charge based on an alleged violation of a
condition of his community supervision. Similarly, on March 4, 2010, the State moved to revoke
Willberg's community supervision for his fraudulent use conviction based on the same alleged
violation. After a hearing in which Willberg pleaded "true" to the State's allegation in both cases,
the trial court revoked Willberg's deferred adjudication, found him guilty of forgery by passing, and
sentenced him to 730 days in jail. The court also revoked Willberg's community supervision for his
fraudulent use conviction. On appeal, Willberg argues that he received ineffective assistance of
counsel and the trial court erred in denying his motion for new trial on this basis. We affirm the
trial court's judgments.


BACKGROUND 


On November 5, 2001, Willberg was indicted on three counts of forgery by passing. 
As a condition of dismissal of the second and third counts, Willberg pled guilty to one count of
forgery by passing on November 14, 2002. The trial court found the evidence sufficient to establish
guilt but deferred a finding of guilt and placed Willberg on community supervision for five years. 

Five months after being placed on deferred adjudication, the State filed its first
motion to revoke Willberg's community supervision based on his failure to pay court ordered fees
and perform community service. In lieu of revocation, the court ordered Willberg's supervision term
be extended by one year. Seven months later, the State filed its second motion to revoke supervision
for, among other things, "failure to avoid injurious or vicious habits." Again, in lieu of revocation,
the court extended Willberg's supervision term by one year and ordered that he be placed in a
community correction facility (CCF). Within a month of being discharged from CCF, Willberg's
community supervision was amended a third time to require that he be placed in a Substance Abuse
Felony Punishment Facility (SAFPF). On January 19, 2007, the State filed its third motion to
revoke Willberg's community supervision. Once again, in lieu of revocation, the court amended
Willberg's supervision for the fourth time, extending supervision by one year and again ordering
him into SAFPF.

On March 27, 2007, Willberg was indicted for fraudulent use and possession of
identifying information. In July of 2008, Willberg pled guilty to this charge. The court convicted
him and sentenced him to 730 days in state jail but suspended the sentence and placed Willberg on
three years of community supervision, again ordering him into SAFPF.

 

On August 12, 2008, Willberg began his first term at SAFPF. By November, the
court began receiving reports from SAFPF that Willberg was argumentative and refused to obey
orders. In November, SAFPF recommended that Willberg be unsuccessfully discharged from
the program due to his multiple violations. (1) Following this discharge, a fourth motion to revoke
Willberg's supervision was filed. On September 17, 2009, the court amended Willberg's supervision
for his forgery charge for the fifth time, and included the following provision:


(cc) Defendant is required to serve a term of confinement and treatment in a Relapse
Substance Abuse Felony Punishment Facility (SAFPF), under section 493.009(b) of
the Government Code, for a term of not less than 90 days or more than 1 year, and
upon successful completion of the program, the Defendant is required to participate
in a drug or alcohol abuse continuum of care treatment plan as developed by the
Texas Commission on Alcohol and Drug Abuse, abiding by all rules and regulations
of said treatment plan until discharged by the staff of the continuum of care program. 



The same day, the community supervision for Willberg's fraudulent use conviction was amended
to include the same provision (hereinafter collectively referred to as the "SAFPF Condition"). At
the time the court amended his community supervision, Willberg consented to the SAFPF Condition
in writing and waived his right for a hearing to contest the amendments.

Willberg entered SAFPF for the second time on September 29, 2009. In December
of 2009, Willberg informed his probation officer that he did not want to continue in the program. 
The probation officer advised him that if he quit SAFPF, the State would file a motion to revoke his
probation and recommended that Willberg "think about it" over the weekend. When the probation
officer called the following Monday, Willberg stated that he understood the consequences but still
wanted to quit. Upon failing to complete the program, Willberg was unsuccessfully discharged from
SAFPF on January 19, 2010, after serving 113 days.

On January 29, 2010, the State filed its final motion to revoke Willberg's deferred
adjudication for his forgery charge and proceed to adjudicate guilt. Similarly, on March 4, 2010, the
State filed a motion to revoke community supervision for Willberg's fraudulent use conviction. The
State alleged that Willberg did not satisfy the terms of his supervision because he was unsuccessfully
discharged from SAFPF. On a hearing for both motions, Willberg pleaded "true" to the State's
allegations. The trial court revoked Willberg's deferred adjudication, found him guilty of forgery
by passing, and sentenced him to 730 days in a state-jail facility. The court similarly revoked
community supervision for his fraudulent use conviction and ordered him to serve his original 730-day sentence. (2)

Following sentencing, Willberg was assigned a new attorney, who filed a motion for
new trial in both causes on the grounds that Willberg was denied effective assistance of counsel at
his revocation hearing. The motions for new trial were not supported by affidavits. The trial court's
docket sheets indicate that a hearing was held on the motions for new trial, but the appellate record
does not contain a transcript of the hearing. The docket sheets reflect that the motions for new trial
were denied. This appeal followed.



DISCUSSION


In his sole point of error, Willberg argues that his trial attorney's actions denied him
effective assistance of counsel as guaranteed by the Sixth Amendment. See U.S. Const. amend. VI;
Strickland v. Washington, 466 U.S. 668 (1984). Willberg claims his trial attorney provided
ineffective assistance of counsel at his revocation hearing because she advised him to plead "true"
and because she failed to contest the State's ground for revocation. Willberg contends that his trial
attorney should have argued that "successful completion" of SAFPF was not a true requirement of
the SAFPF Condition, and thus his failure to complete SAFPF was not a violation of his community
supervision.

 We review the trial court's denial of a motion for new trial for abuse of discretion.
See State v. Herndon, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007). Therefore, "when analyzing
the trial court's failure to grant a motion for new trial on the basis of ineffective assistance of
counsel, we view the relevant legal standards through the prism of abuse of discretion." Ramirez
v. State, 301 S.W.3d 410, 415 (Tex. App.--Austin 2009, no pet.) (citing State v. Gill, 967 S.W.2d
540, 542 (Tex. App.--Austin 1998, pet. ref'd)). A trial court abuses its discretion only when no
reasonable view of the record would support the trial court's ruling. Holden v. State, 201 S.W.3d
761, 763 (Tex. Crim. App. 2006).

A community supervision revocation hearing is administrative in nature and is not
part of a criminal prosecution. See Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).
Nonetheless, a defendant has a right to counsel at a revocation hearing. Tex. Code Crim. Proc. Ann.
art. 42.12 § 21(d) (West 2011); Hill v. State, 480 S.W.2d 200, 203 (Tex. Crim. App. 1972). This
right to assistance of counsel includes the right to effective assistance of counsel as set out in
Strickland. 466 U.S. at 687-89; see also Smith v. State, 286 S.W.3d 333, 338 (Tex. Crim. App.
2009) (citing Strickland as applicable standard for ineffective assistance of counsel at revocation
hearing); Chetwood v. State, 31 S.W.3d 368, 369 (Tex. App.--San Antonio 2000, pet ref'd).

Under Strickland, appellant must show that (1) counsel's performance was deficient
to the extent that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment,
and (2) the deficient performance prejudiced the defense. 466 U.S. at 687. Counsel's performance
is deficient when it falls "below an objective standard of reasonableness" based upon "prevailing
professional norms." Strickland, 466 U.S. at 687; Perez v. State, 310 S.W.3d 890, 893 (Tex. Crim.
App. 2010). Our review of counsel's performance must be highly deferential; we presume that
counsel makes all significant decisions in the exercise of reasonable judgment. Strickland, 466 U.S.
at 689; Garcia v. State, 887 S.W.2d 862, 880 (Tex. Crim. App. 1994); Delrio v. State, 840 S.W.2d
443, 447 (Tex. Crim. App. 1992). Willberg has the burden of proving ineffective assistance of
counsel by a preponderance of the evidence. Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim.
App. 1991).



Proposed defense to revocation


Willberg argues that his trial attorney's performance was deficient because she
advised him to plead "true" to the State's allegation that he violated his community supervision by
failing to successfully complete SAFPF. Willberg claims that "successful completion" of SAFPF
was not a true requirement of the SAFPF Condition. (3) According to Willberg, the SAFPF Condition
required (1) that he spend a minimum of 90 days in the program, and (2) if he successfully completed
SAFPF, that he then must participate in a continuum of care. Given that he was in SAFPF for
113 days, Willberg claims that he satisfied the SAFPF Condition and therefore did not violate his
community supervision.

Community supervision is a privilege, not a right. See Flores v. State, 904 S.W.2d
129, 130 (Tex. Crim. App. 1995). When a trial court grants community supervision, it effectively
extends clemency to a defendant on the condition that the defendant abide by the rules and
requirements of the supervision. Speth v. State, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999) (citations
omitted). Trial courts have a wide range of discretion to set any reasonable term of community
supervision that is designed to protect the community, restore the victim, and punish or rehabilitate
the defendant. See Tex. Code Crim. Proc. Ann. art. 42.12 § 11(a) (West 2011); Fielder v. State,
811 S.W.2d 131, 134 (Tex. Crim. App. 1991) (noting that trial court is not limited to conditions for
community supervision that are "suggested in the statute"); Lilly v. State, No. 03-97-00356-CR,
1998 Tex. App. LEXIS 4093, *4-5 (Tex. App.--Austin July 2, 1998, pet. ref'd) (not designated for
publication) ("[A] trial court . . . imposing conditions of community supervision is not limited to the
conditions set forth in the statute."). Article 42 of the Texas Code of Criminal Procedure provides
that a trial court may require a defendant to enroll in a SAFPF treatment facility as a condition of
community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 14 (West 2011). However, the
statute does require that when a court orders a defendant into SAFPF, it (1) must be for an
indeterminate term of not less than 90 days nor more than one year, and (2) upon discharge from
SAFPF, the defendant must participate in a continuum of care. Id. § 14(a), (c). (4) A trial court may,
in the exercise of its discretion, impose requirements for participation in SAFPF beyond those
enumerated in the statute. See Fielder, 811 S.W.2d at 134; Burke v. State, No. 03-09-00543-CR,
2010 Tex. App. LEXIS 7238, *8-9 (Tex. App.--Austin Aug. 31, 2010, pet. ref'd) (mem. op.,
not designated for publication) (holding that revoking community supervision for unauthorized leave
from continuum of care was not abuse of discretion).

In construing the meaning of the SAFPF Condition, we look at the language of the
condition as a whole and assume a reasonable meaning and effect. See Lone Star Cement Corp.
v. Fair, 467 S.W.2d 402, 404-05 (Tex. 1971) ("The same rules of interpretation apply in construing
the meaning of a court order or judgment as in ascertaining the meaning of other written
instruments."); Freightliner Corp. v. Motor Vehicle Bd., 255 S.W.3d 356, 363 (Tex. App.--Austin
2008, pet. denied). In this case, the plain language of the SAFPF Condition is reasonably construed
to require successful completion of SAFPF. After describing the duration of treatment, the SAFPF
Condition states "and upon successful completion of the [SAFPF] program, the Defendant is
required to participate in a drug and alcohol abuse continuum." (emphasis added). The conjunction
"and" connects the duration of treatment requirement with the "successful completion" requirement,
making both necessary elements of the SAFPF Condition. See Tovar v. State, 978 S.W.2d 584, 586-87 (Tex. Crim. App. 1998) (noting that conjunction "and" connects separate elements of a statute,
both of which must be satisfied). Therefore, the SAFPF Condition can reasonably be interpreted
to require Willberg to (1) remain in SAFPF for not less than 90 days or more than one year,
(2) "successfully complete" SAFPF within that term, and (3) upon successful completion, enroll in
a continuum of care. The court's requirement that Willberg successfully complete SAFPF falls
within its discretion and is consistent with the statutory requirement that all defendants participate
in a continuum of care upon discharge from SAFPF. See Tex. Code Crim. Proc. Ann. art. 42.12
§§ 11, 14(a), (c); see also Fielder, 811 S.W.2d at 134; Burke, 2010 Tex. App. LEXIS 7238, *8-9. (5)

Furthermore, Willberg's proposed interpretation of the condition would lead to
a result that is inconsistent with the statute. Willberg claims that the SAFPF Condition required
him to (1) stay in SAFPF for at least 90 days, and (2) only if he was successfully discharged from
SAFPF, seek a continuum of care. Willberg claims that only the first element is applicable in his
case and that he satisfied this element by staying in SAFPF for more than 90 days. He implies that
the second element did not require him to seek continuing care because he did not "successfully
complete" SAFPF. This interpretation creates an outcome where a defendant who is unsuccessfully
discharged from SAFPF is excused from further treatment while a defendant who completes SAFPF
is required to seek additional care. This result would contradict the statutory requirement that all
defendants be placed in continuing care upon discharge from SAFPF. See Tex. Code Crim. Proc.
Ann. art. 42.12 § 14(c). We do not assume the trial court or the legislature intended such an
outcome. See Tex. Gov't Code Ann. § 311.021 (West 2011).

Therefore, the only reasonable interpretation of the SAFPF Condition is that
Willberg was required to successfully complete SAFPF. Thus, his trial attorney's decision not to
raise Willberg's proposed interpretation of the SAFPF Condition was not in error, let alone deficient.
Because Willberg failed to present evidence that his trial attorney provided ineffective assistance,
the trial court did not abuse its discretion in denying his motion for new trial. Willberg's sole point
of error is overruled.


CONCLUSION


We affirm the trial court's judgments.




_______________________________________


Diane M. Henson, Justice


Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed: December 2, 2011

Do Not Publish
1. SAFPF has four levels of discharge: completion, inappropriate placement or unable to
participate, violation of program, and other. See 37 Tex. Admin. Code § 163.40(p) (West 2011)
(Tex. Dep't Crim. J., Substance Abuse Treatment). Violation of the program is considered an
unsuccessful discharge. Id.
2. The court ordered these sentences to run concurrently.
3. At the time his supervision was amended to include the SAFPF Condition, Willberg
stated in writing that he understood and consented to the modified conditions of his supervision.
Therefore, his trial attorney was barred from claiming that the SAFPF Condition was vague at his
revocation hearing. See Rickels v. State, 108 S.W.3d 900, 902 (Tex. Crim. App. 2003) (holding that
if defendant had opportunity to challenge modifications of supervision, vagueness cannot be raised
as defense at revocation). Thus, the only claim that Willberg's attorney could have raised at the
revocation hearing was that the SAFPF Condition did not actually require completion of SAFPF.
4. Additionally, the statute requires the Texas Department of Criminal Justice to adopt rules
of conduct and treatment for persons admitted to SAFPF as a condition of community supervision.
Tex. Gov. Code Ann. § 493.009(f) (West 2011) (citing Tex. Code Crim. Proc. Ann. art. 42.12 § 14
(West 2011)). 
5. It is also consistent with the Texas Department of Criminal Justice's classification of
discharges, which lists "absconding from the program" as a violation of SAFPF. See 37 Tex.
Admin. Code § 163.40(p)(3) (West 2011).