# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00083-CR

**David Eugene Weir, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 57344, HONORABLE JOE CARROLL, JUDGE PRESIDING

## O P I N I O N

The trial court adjudicated David Eugene Weir guilty of burglary after finding that he violated the terms of his deferred adjudication community supervision. The court orally sentenced him to ten years in prison, then also assessed amounts due in court costs, attorney's fees, and restitution in the written judgment. Weir appeals, complaining that the addition of amounts due rendered the judgment improper. Weir requests reformation of the judgment to delete those additional amounts. We modify the judgment by deleting the awards of court costs and restitution, and affirm the judgment as modified.

Before Weir entered his plea of no contest to the burglary charge, the State recommended in writing to the court that Weir be ordered to pay restitution. In conjunction with its February 16, 2005 order placing Weir on deferred adjudication community supervision for five years, the trial court imposed various conditions on Weir including assessing $225 in court costs, as well

as restitution and court appointed attorney's fees to be paid in amounts "to be determined." These payments were due as conditions of community supervision, not as part of a suspended punishment. At a March 2005 hearing, Weir contended that the trial court should not award restitution in the amount of $14,000 as determined by a presentence investigation. The State responded that he could withdraw his plea. Weir later filed a notice of appeal stating that he intended to challenge the restitution amount. That appeal was deemed frivolous and the judgment was affirmed. Meanwhile, Weir filed a motion to modify the terms and conditions of probation by reducing the amount of restitution. The record does not reflect whether this motion was heard or decided, nor does it contain a revised order specifying the amounts of restitution and attorney's fees to be paid.

In August 2006, the State sought to have Weir adjudicated guilty of the burglary offense after he violated terms of his community supervision. On January 4, 2007, Weir admitted that he falsely identified himself to a peace officer and, after a hearing, the court found that he absconded from his treatment facility. The court made the following statement regarding sentencing:

> Mr. Weir, I think you have had a hard life and I feel sorry for you because you have been through so much. And I'm going to find that you violated your probation. I am going to revoke your probation, find you guilty. The prior offenses against you are true, and I'm going to have to give you the most that I can give you which is 10 years. And I hate to do it to you, but based on your record I don't really have any choice.
>
> So I am going to assess your punishment at 10 years' confinement in the Texas Department of Criminal Justice, Institutional Division.

The court then discussed Weir's eligibility for credit for time served and his right to appeal. But the trial court made no statements regarding restitution, attorney's fees, or court costs, and did not state

that the amounts—determinate or indeterminate—listed as conditions of probation or in the presentence investigation would be assessed as part of the sentence or judgment.

On January 8, 2007, the trial court signed a judgment that recited the ten-year sentence, but also assessed $530 in court costs, $1,920 in attorney's fees, and $14,090.59 in restitution. Weir filed a pro se Motion to Vacate and Set Aside Excessive Sentence of Imprisonment in which he complained, in part, that the State misled him and breached the plea agreement by not informing him what amounts he would be required to pay in restitution.

A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is the written declaration and embodiment of that oral pronouncement. Tex. Code Crim. Proc. Ann. art. 42.01, § 1 (West 2006); *see Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). When the court's written judgment diverges from the court's oral pronouncement of sentence, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) (because oral pronouncement of sentence is the appealable event, no deviations in the written judgment can supersede the sentence pronounced in open court). The rationale is that all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence in the oral pronouncement. *Madding*, 70 S.W.3d at 135. The expectation that the oral pronouncement will match the written judgment applies only to sentencing issues, such as the term of confinement assessed and whether multiple sentences will be served concurrently or consecutively. *Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005). It does not apply to findings with tangential relation to the sentence, such as deadly weapon findings. *Id*. Although a finding that a deadly weapon was used in the commission of an offense may affect

3

how the sentence is served—e.g., whether the defendant is eligible for probation or parole—it is not part of the sentence because it does not affect the range of punishment or the term of years assessed. *Id*. at 820-21.

This appeal centers on whether restitution, attorney's fees, and court costs are part of the sentence such that the oral pronouncement (or the absence of an oral pronouncement regarding them) determines whether they may be properly included in the written judgment. After the parties filed their briefs, this Court determined that restitution is part of the punishment that must be pronounced orally in order to be included in the written judgment. *See Sauceda v. State*, No. 03-07-00268-CR, 2007 Tex. App. LEXIS 9722, at *4-5 (Tex. App.—Austin, Dec. 12, 2007, no pet.) (mem. op., not designated for publication). We based our determination in part on the declaration by the Court of Criminal Appeals that "restitution is punishment." *Id*. at *4 (citing *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006)); *see also Cabla v. State*, 6 S.W.3d 543, 545-46 (Tex. Crim. App. 1999). Although a restitution award does not bear on the length of imprisonment, it punishes the criminal as it compensates the victim. Permitting courts, long after oral pronouncements of punishment omitting any mention of restitution, to impose restitution awards in written judgments would raise appeal-related concerns similar to those that led the court of criminal appeals to declare that the oral pronouncement of sentence controls over a later written judgment. *See Coffey*, 979 S.W.2d at 328.[1] We reaffirm that, because restitution is

---

[1] The facts of this case distinguish it from *Coffey v. State*, 979 S.W.2d 326, 327-28 (Tex. Crim. App. 1998). Despite its declaration that the oral pronouncement controls over the written judgment, the court in *Coffey* upheld a fine imposed in the written judgment that had not been orally pronounced. *Id*. The court held that, because the fine had been imposed previously as part of a sentence that was then probated, the trial court's failure at the probation revocation hearing

punishment, it must be included in the oral pronouncement of sentence in order to be properly included in the written judgment.

In contrast, the assessment of fees for an appointed attorney is not punishment. The fees award is based on the defendant's ability to pay for the services regardless of the outcome of the case. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2007). Indeed, the fees can be assessed during the pendency of the case before the outcome is known. *Id*. The ability to pay remains the controlling factor even if attorney's fees are assessed as court costs against a convicted defendant. *See id*. The fact that attorney's fees are assessed based on the defendant's ability to pay rather than his culpability persuades us that appointed attorney's fees are assessed for recoupment of the taxpayers' expenses rather than for punitive effect. *See Curry v. Wilson*, 853 S.W.2d 40, 46-47 (Tex. Crim. App. 1993). Accordingly, we determine that appointed attorney's fees are not a sentencing issue and need not be pronounced orally in order to be properly included in the written judgment.

The State argues that court costs similarly are not punishment, but compensation to the government for the use of judicial resources. While recognizing the recoupment purpose of the

---

to include the fine when pronouncing the reimposed sentence did not prevent the court from including the fine as part of the post-revocation written judgment. *Id*. In contrast, the restitution award in this case was designated "to be determined" as a condition of deferred adjudication community supervision. No sentence was imposed until after revocation of the community supervision. Not only was a restitution amount not assessed in the deferred adjudication or community supervision order, no mention of restitution was made as part of the oral sentencing—even to state that an unspecified amount of restitution would be due. Because no amount of restitution was imposed, either as part of a suspended sentence or orally at the punishment hearing, the trial court erred by imposing restitution for the first time in the final judgment.

5

assessment of court costs (other than attorney's fees[2]), we are not persuaded that it lacks a punitive aspect. The statutes the State cites require the assessment of costs against convicted defendants. *See* Tex. Gov't Code Ann. §§ 102.021, .041 (West Supp. 2007). If the assessment of costs were purely remunerative, the outcome of the case would be immaterial. Because court costs are assessed under these statutes only against convicted defendants,[3] we conclude that the award of court costs other than attorney's fees is, at least in part, punishment and must be orally pronounced in order to be properly included in the written judgment.

Weir has sent letters pro se to this Court, asserting various errors. We need not consider these points because he is represented by counsel and is not entitled to proceed pro se. *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001). Further, despite stating his desire by letters in July 2007 to raise issues in this appeal, Weir has filed nothing complying with the requirements for a brief. *See* Tex. R. App. P. 38. Moreover, Weir cannot properly raise many of the errors he asserts because they relate to his original plea hearing.[4] *Manuel v. State*,

---

[2] As noted, attorney's fees are assessed as court costs against convicted defendants. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2007); *see also Aguilar v. State*, No. 03-06-00497-CR, 2007 Tex. App. LEXIS 1373, at *4 (Tex. App.—Austin 2007, no pet.). Because the court in this case pronounced attorney's fees as an award separate from other costs, we can address separately the punitive nature of an award of court costs other than attorney's fees.

[3] We recognize that fees for appointed attorneys of defendants can be assessed as court costs following conviction. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2007). Those are not the facts before us in this case.

[4] Weir asserts that there were errors committed in the proceeding in which he pleaded no contest to a charge of burglary. He contends that he was never indicted for burglary and should have been indicted for criminal trespass, that the State breached an agreement that he would be pleading to a state jail felony, that he was ordered to pay restitution for crimes for which he was never charged or convicted, that his being punished for crimes he did not commit and was not charged with violated his right to due process, that the charging instrument was changed on the original trial date, and that his counsel was ineffective when appealing from the plea of no contest. Weir appealed from the

6

994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) ("A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication is first imposed."). The fact that these points relating to the plea hearing cannot be raised in this appeal defeats Weir's assertion that his current appellate counsel is ineffective for failing to raise these points in this appeal. Further, we note that the trial court's adjudication of guilt was supported by Weir's plea of true to the first allegation.[5]

---

order of deferred adjudication and raised some of these issues in his pro se brief after his counsel filed a brief asserting that there was no basis for the appeal. This Court found his appeal frivolous and affirmed the order. *Weir v. State*, No. 03-05-00201-CR, 2005 Tex. App. LEXIS 8449, at *3 (Tex. App.—Austin Oct. 13, 2005, no pet. h.) (mem. op., not designated for publication).

[5] In his July 7, 2007 letter, Weir asserts the following errors:

| 5. | U.S. Constitution | 6th Amendment |
| | | 14th Amendment |
| | Texas Constitution | I-10 Amend. |

Was denied right to compulsory process to obtain witness in and for his defense for revocation hearing 1-4-07.

Defense attorney failed to speek too [sic] or consult with or subpoena all 7 witnesses for defense.

Trial proceeded with no witnesses for defense.

6. In-effective [assistance] of counsel—failure to investigate witnesses for defense and subpoena all 7 witnesses to facts of case & breach & change of instrument.

In his September 20, 2007 letter, Weir asserts the following issues relating to the adjudication proceeding:

6. His Texas and Constitutional right to have effective appeal and defense counsel to represent him in all these matters and his revocatoin [sic] lawyer's (Mr. Thomas Seigman's) failure to investigate/interview any of defendants potential witness or allegations to his defense in hearing.

7

Because we conclude that restitution and court costs are punishment and, therefore, sentencing issues, we hold that the trial court's omission of restitution and court costs from the oral pronouncement of sentence barred the court from ordering in the written judgment that Weir pay restitution and court costs. We modify the written judgment by striking the provisions requiring that Weir pay restitution and court costs. The judgment is affirmed as modified.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Waldrop and Henson

Modified and, as Modified, Affirmed

Filed:   April 18, 2008

Publish

---

7.      The court's failure to allegation #1 of Robert Cox attorney/municipal court, failure to I.D.  Not to appear (represent) in court hearing when pleaing to charge.

These statements are not sufficient to support appellate review. *See* Tex. R. App. P. 38.