

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00054-CR

**TASHAWNA ANNETTE VANHARDENBERG,**

                                          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                          **Appellee**

---

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court No. FAM-07-18813**

---

## MEMORANDUM OPINION

---

Tashawana Annette Vanhardenberg was convicted of injury to a child and was sentenced by the trial court to 30 years in prison. *See* TEX. PENAL CODE Ann. § 22.04 (Vernon Supp. 2008). Vanhardenberg filed a notice of appeal. Because court costs and attorney's fees are not a part of the sentence and because the trial court did not err in modifying its judgment to include attorney's fees in the judgment, the trial court's judgment is affirmed.

In her first issue, Vanhardenberg argues that the trial court's judgment and corrected judgment improperly included court costs and attorney's fees because those costs and fees were not pronounced orally with the sentence. Vanhardenberg relies solely on the decision of the Austin Court of Appeals in *Weir v. State* for her argument. *Weir v. State*, 252 S.W.3d 85 (Tex. App.—Austin 2008), *rev'd in part*, 278 S.W.3d 364 (Tex. Crim. App. 2009). However, the Court of Criminal Appeals, after Vanhardenberg's brief was filed with this Court, reversed the part of the Austin Court's decision in *Weir* upon which Vanhardenberg relies and held that costs are not part of the sentence and therefore need not be pronounced at the time the sentence is pronounced. *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). For the same reasons, we hold that attorney's fees also need not be pronounced as part of the sentence. *See Weir*, 252 S.W.3d at 88. Accordingly, Vanhardenberg's first issue is overruled.

In her second issue, Vanhardenberg contends that the trial court erred in "correcting" the original judgment to include attorney's fees by entering a nunc pro tunc order because the trial court's oral pronouncement of sentence did not include attorney's fees, because a nunc pro tunc may not be used to add additional provisions, and because if the error in the original judgment was clerical, Vanhardenberg did not have notice and an opportunity to be heard.

The trial court labeled the judgment "nunc pro tunc," but it was not a judgment nunc pro tunc because it did not correct a clerical, as opposed to a judicial, mistake. *See State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994). Although there are fewer types of changes that the trial court can make to a judgment in a criminal case than in a

civil case, a trial court has plenary power over its judgment for at least 30 days after sentencing. *See McClinton v. State*, 121 S.W.3d 768, 769 n.1 (Tex. Crim. App. 2003) (Cochran, J., concurring). A judgment nunc pro tunc allows a trial court to correct only clerical mistakes in its judgment after its plenary power has expired. *See State v. Bates*, 889 S.W.2d at 309; *see also Ex parte Donaldson*, 86 S.W.3d 231, 234 (Tex. Crim. App. 2002) (Keasler, J., concurring). The modified judgment in this case indicates it was signed on the same day as the original judgment. No provision for attorney's fees was included in the first judgment. In the modified judgment, attorney's fees were assessed against Vanhardenberg. And, like costs, attorney's fees are not a part of the sentence that is required to be pronounced orally. *See Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). Accordingly, the trial court did not err in modifying its judgment to add an assessment of attorney's fees. Vanhardenberg's second issue is overruled.

Having overruled each of Vanhardenberg's issues on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed October 7, 2009
Do not publish
[CRPM]