TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00501-CR






Jaci Deanne Elam, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELTON COUNTY, 27TH JUDICIAL DISTRICT

NO. 62848, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Jaci Elam pleaded guilty to the crime of intoxication manslaughter. See Tex. Penal
Code Ann. § 49.08 (West Supp. 2009). After the district court pronounced its sentence, it issued a
written judgment containing additional items that were not specifically mentioned during the
pronouncement. In particular, the written judgment required Elam to pay court costs, attorney's fees,
and restitution. On appeal, Elam contends that the inclusion of those three items in the judgment
was error and that the district court's judgment should be modified accordingly. We will modify the
judgment to delete the portions requiring Elam to pay attorney's fees and restitution. 


BACKGROUND

 As mentioned above, Elam pleaded guilty to the crime of intoxication manslaughter. 
See id. After Elam entered her plea, the district court held a punishment hearing. At the end of the
hearing, the court orally pronounced the following sentence:


[I]t is the sentence of this court, ma'am that you serve 11 years in the Institutional
Division of the Texas Department of Criminal Justice. 


I will note that restitution in this case is in the amount of $5,418.50. While I cannot
order it, I do want that noted. 



 The written judgment that was prepared afterwards also states that Elam was to serve
a sentence of eleven years. Further, the written judgment instructed that Elam was required to "PAY
COURT COSTS, ATTORNEY FEES, AND RESTITUTION AFTER RELEASE FROM
INCARCERATION" and specified the amount of court costs ($238) and restitution ($5,418.50) to
be paid. See Tex. Code Crim. Proc. Ann. art. 42.01, § 1 (West Supp. 2009) (listing items to be
included in judgment). 

 After the written judgment was issued, Elam appealed the judgment of the
district court. 


DISCUSSION

 In one issue on appeal, Elam contends that the district court's written judgment is
inconsistent with "the oral pronouncement of judgment" and should be modified accordingly. 
Specifically, Elam argues that the "oral pronouncement of judgment controls over the written
recording" and that because the district court did not orally order Elam to pay "attorney's fees, court
costs[,] or restitution," the portion of the judgment requiring those payments "should be removed
and a corrected judgment should be ordered to be entered." We will address attorney's fees, court
costs, and restitution separately. 

 Generally speaking, a district court's sentence is pronounced orally, and the judgment,
including the sentence, "is merely the written declaration and embodiment of that oral
pronouncement." Ex parte Madding, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002); see Tex. Code
Crim. Proc. Ann. art. 42.01, § 1. This distinction stems from the idea "that the imposition of
sentence is the crucial moment when all of the parties are physically present at the sentencing hearing
and able to hear and respond to the imposition of sentence." Ex parte Madding, 70 S.W.3d at 135. 
Accordingly, if the written judgment differs from the oral pronouncement of sentence, "the oral
pronouncement controls." Id. Stated differently, a defendant has a legitimate due process
expectation that the sentence orally pronounced will be the same one he has to serve, and a court
violates a defendant's due process rights if it chooses to enter a written judgment with a harsher
sentence than the one orally pronounced but does not provide the defendant with notice or an
opportunity to be heard. Id. at 136-37. For this reason, a trial court may not "orally pronounce one
sentence in front of the defendant, but enter a different sentence in his written judgment, outside the
defendant's presence." Id. at 136. However, the requirement that the "oral pronouncement match
the written judgment applies only to sentencing issues, such as the term of confinement assessed." 
Ex parte Huskins, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005). 


Court Costs

 The court of criminal appeals has held that "court costs are not punitive and,
therefore, [do] not have to be included in the oral pronouncement of sentence . . . as a precondition
to their inclusion in" a "written judgment." Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App.
2009); see Tex. Gov't Code Ann. § 102.021 (West Supp. 2009) (explaining that person who is
convicted in criminal proceeding "shall" pay court costs). In light of that determination, we must
conclude that the inclusion of courts costs in the written judgment was not error. 


Attorney's Fees

 As mentioned previously, the written judgment requires Elam to pay attorney's fees
when she is released from incarceration. Under the code of criminal procedure, district courts have
the ability to require a defendant to pay the attorney's fees for an appointed counsel "[i]f the court
determines that [the] defendant has financial resources that enable him to offset . . . the costs of the
legal services provided." Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2009). Moreover,
this Court has previously determined that the imposition of "attorney's fees are not punitive, are not
part of the sentence, and, therefore, need not be pronounced orally in order to be included in the
written judgment." Cornelison v. State, No. 03-07-00664-CR, 2008 Tex. App. LEXIS 6222, at *7
(Tex. App.--Austin Aug. 14, 2008, no pet.) (mem. op.). 

 However, in this case, Elam's trial attorney was retained, not appointed. For that
reason, the State concedes that the inclusion of attorney's fees in the written judgment was error and
that the judgment should be "modified to delete the order for the payment upon release from
incarceration of attorney's fees." In light of the preceding, we modify the written judgment to
remove the requirement that Elam pay attorney's fees upon her release from incarceration. See
Ex parte Madding, 70 S.W.3d at 137 (modifying written judgment to comport with sentence orally
pronounced). 


Restitution

 Although the district court mentioned restitution when pronouncing its judgment, the
court did not explicitly order Elam to pay restitution. In fact, the court explained that it was not
ordering restitution because it did not have the authority to impose a restitution requirement. Even
if the court's statement regarding its ability to impose restitution was inaccurate, see Tex. Code
Crim. Proc. Ann. art. 42.037 (West Supp. 2009) (authorizing district court to order convicted
individual to pay restitution), the fact remains that the court did not order Elam to pay restitution
during its pronouncement. 

 This Court has previously held that restitution is punitive and "must be pronounced
orally in order to be included in the written judgment." Weir v. State, 252 S.W.3d 85, 88 (Tex.
App.--Austin 2008), rev'd in part on other grounds, 278 S.W.3d 364; Sauceda v. State, No.
03-07-00268-CR, 2007 Tex. App. LEXIS 9722, at *3-6 (Tex. App.--Austin Dec. 12, 2007, no pet.)
(mem. op.); see also Ex parte Cavazos, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006) (stating that
"restitution is punishment"). Because the district court failed to order restitution at the time it
pronounced the judgment, the inclusion of a restitution requirement in the written judgment was
error. Accordingly, we modify the judgment to delete the restitution requirement. (1) 


CONCLUSION

 Having concluded that it was error to include in the judgment the requirements that
Elam pay attorney's fees and restitution, we modify the judgment to remove those requirements and,
as modified, affirm the remainder of the judgment. 



 

 David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Modified and, as Modified, Affirmed 

Filed: February 26, 2010

Do Not Publish

1. In its brief, the State asserts that if we determine that the inclusion of restitution was
erroneous, this Court should only delete the portion of the judgment actually requiring payment but
should leave unaltered the amount of restitution listed and the names of the individuals to be paid. 
Essentially, the State argues that because a parole panel is authorized to order the payment of
restitution as a condition of community supervision, see Tex. Code Crim. Proc. Ann. art. 42.037(h)
(West Supp. 2009), the panel could impose the restitution listed in the written judgment. 


 However, the provision of the code of criminal procedure relied on by the State only allows
a panel to impose restitution that was properly ordered by a district court and imposed on a
defendant. Id. Because we have concluded that the district court did not properly impose a
restitution requirement on Elam, a parole panel would not have the authority under that provision
to impose a restitution requirement later. For that reason, we conclude that the amount of restitution
and the names of potential recipients should also be deleted from the district court's written
judgment.