# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00501-CR

**Jaci Deanne Elam, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELTON COUNTY, 27TH JUDICIAL DISTRICT
### NO. 62848, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jaci Elam pleaded guilty to the crime of intoxication manslaughter. *See* Tex. Penal Code Ann. § 49.08 (West Supp. 2009). After the district court pronounced its sentence, it issued a written judgment containing additional items that were not specifically mentioned during the pronouncement. In particular, the written judgment required Elam to pay court costs, attorney's fees, and restitution. On appeal, Elam contends that the inclusion of those three items in the judgment was error and that the district court's judgment should be modified accordingly. We will modify the judgment to delete the portions requiring Elam to pay attorney's fees and restitution.

## BACKGROUND

As mentioned above, Elam pleaded guilty to the crime of intoxication manslaughter. *See id.* After Elam entered her plea, the district court held a punishment hearing. At the end of the hearing, the court orally pronounced the following sentence:

[I]t is the sentence of this court, ma'am that you serve 11 years in the Institutional Division of the Texas Department of Criminal Justice.

I will note that restitution in this case is in the amount of $5,418.50. While I cannot order it, I do want that noted.

The written judgment that was prepared afterwards also states that Elam was to serve a sentence of eleven years. Further, the written judgment instructed that Elam was required to "PAY COURT COSTS, ATTORNEY FEES, AND RESTITUTION AFTER RELEASE FROM INCARCERATION" and specified the amount of court costs ($238) and restitution ($5,418.50) to be paid. *See* Tex. Code Crim. Proc. Ann. art. 42.01, § 1 (West Supp. 2009) (listing items to be included in judgment).

After the written judgment was issued, Elam appealed the judgment of the district court.

## DISCUSSION

In one issue on appeal, Elam contends that the district court's written judgment is inconsistent with "the oral pronouncement of judgment" and should be modified accordingly. Specifically, Elam argues that the "oral pronouncement of judgment controls over the written recording" and that because the district court did not orally order Elam to pay "attorney's fees, court costs[,] or restitution," the portion of the judgment requiring those payments "should be removed and a corrected judgment should be ordered to be entered." We will address attorney's fees, court costs, and restitution separately.

Generally speaking, a district court's sentence is pronounced orally, and the judgment, including the sentence, "is merely the written declaration and embodiment of that oral

2

pronouncement." *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002); *see* Tex. Code Crim. Proc. Ann. art. 42.01, § 1. This distinction stems from the idea "that the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence." *Ex parte Madding*, 70 S.W.3d at 135. Accordingly, if the written judgment differs from the oral pronouncement of sentence, "the oral pronouncement controls." *Id.* Stated differently, a defendant has a legitimate due process expectation that the sentence orally pronounced will be the same one he has to serve, and a court violates a defendant's due process rights if it chooses to enter a written judgment with a harsher sentence than the one orally pronounced but does not provide the defendant with notice or an opportunity to be heard. *Id.* at 136-37. For this reason, a trial court may not "orally pronounce one sentence in front of the defendant, but enter a different sentence in his written judgment, outside the defendant's presence." *Id.* at 136. However, the requirement that the "oral pronouncement match the written judgment applies only to sentencing issues, such as the term of confinement assessed." *Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005).

*Court Costs*

The court of criminal appeals has held that "court costs are not punitive and, therefore, [do] not have to be included in the oral pronouncement of sentence . . . as a precondition to their inclusion in" a "written judgment." *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009); *see* Tex. Gov't Code Ann. § 102.021 (West Supp. 2009) (explaining that person who is convicted in criminal proceeding "shall" pay court costs). In light of that determination, we must conclude that the inclusion of courts costs in the written judgment was not error.

*Attorney's Fees*

As mentioned previously, the written judgment requires Elam to pay attorney's fees when she is released from incarceration. Under the code of criminal procedure, district courts have the ability to require a defendant to pay the attorney's fees for an appointed counsel "[i]f the court determines that [the] defendant has financial resources that enable him to offset . . . the costs of the legal services provided." Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2009). Moreover, this Court has previously determined that the imposition of "attorney's fees are not punitive, are not part of the sentence, and, therefore, need not be pronounced orally in order to be included in the written judgment." *Cornelison v. State*, No. 03-07-00664-CR, 2008 Tex. App. LEXIS 6222, at *7 (Tex. App.—Austin Aug. 14, 2008, no pet.) (mem. op.).

However, in this case, Elam's trial attorney was retained, not appointed. For that reason, the State concedes that the inclusion of attorney's fees in the written judgment was error and that the judgment should be "modified to delete the order for the payment upon release from incarceration of attorney's fees." In light of the preceding, we modify the written judgment to remove the requirement that Elam pay attorney's fees upon her release from incarceration. *See Ex parte Madding*, 70 S.W.3d at 137 (modifying written judgment to comport with sentence orally pronounced).

*Restitution*

Although the district court mentioned restitution when pronouncing its judgment, the court did not explicitly order Elam to pay restitution. In fact, the court explained that it was not ordering restitution because it did not have the authority to impose a restitution requirement. Even

4

if the court's statement regarding its ability to impose restitution was inaccurate, *see* Tex. Code Crim. Proc. Ann. art. 42.037 (West Supp. 2009) (authorizing district court to order convicted individual to pay restitution), the fact remains that the court did not order Elam to pay restitution during its pronouncement.

This Court has previously held that restitution is punitive and "must be pronounced orally in order to be included in the written judgment." *Weir v. State*, 252 S.W.3d 85, 88 (Tex. App.—Austin 2008), *rev'd in part on other grounds*, 278 S.W.3d 364; *Sauceda v. State*, No. 03-07-00268-CR, 2007 Tex. App. LEXIS 9722, at *3-6 (Tex. App.—Austin Dec. 12, 2007, no pet.) (mem. op.); *see also Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006) (stating that "restitution is punishment"). Because the district court failed to order restitution at the time it pronounced the judgment, the inclusion of a restitution requirement in the written judgment was error. Accordingly, we modify the judgment to delete the restitution requirement.[1]

---

[1] In its brief, the State asserts that if we determine that the inclusion of restitution was erroneous, this Court should only delete the portion of the judgment actually requiring payment but should leave unaltered the amount of restitution listed and the names of the individuals to be paid. Essentially, the State argues that because a parole panel is authorized to order the payment of restitution as a condition of community supervision, *see* Tex. Code Crim. Proc. Ann. art. 42.037(h) (West Supp. 2009), the panel could impose the restitution listed in the written judgment.

However, the provision of the code of criminal procedure relied on by the State only allows a panel to impose restitution that was properly ordered by a district court and imposed on a defendant. *Id.* Because we have concluded that the district court did not properly impose a restitution requirement on Elam, a parole panel would not have the authority under that provision to impose a restitution requirement later. For that reason, we conclude that the amount of restitution and the names of potential recipients should also be deleted from the district court's written judgment.

## CONCLUSION

Having concluded that it was error to include in the judgment the requirements that Elam pay attorney's fees and restitution, we modify the judgment to remove those requirements and, as modified, affirm the remainder of the judgment.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Modified and, as Modified, Affirmed

Filed:   February 26, 2010

Do Not Publish