942-15    943-15

No. _____

ORIGINAL

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 18 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

SEP 18 2015

Abel Acosta, Clerk

David Blaine McKinley,

Appellant/Petitioner;

vs.

The State of Texas,

Appellee/Respondent.

Appellant's Petition for Discretionary Review

In Appeals Nos. 10-14-00202-CR and 10-14-00203-CR
Court of Appeals
for the Tenth Judicial District
Waco, Texas

David Blaine McKinley
Petitioner, Pro Se
TDCJ-CID #01926782
Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

Oral Argument Not Requested

# LIST OF PARTIES

Appellant
David Blaine McKinley, Pro Se

Appellee
The State of Texas

Defense Attorney at Trial
Original Plea and Adjudication
Kent McGuire
Attorney at Law
109 E. Franklin St.
Waxahachie, Texas 75165

State's Attorneys at Trial
On the Original Plea: Mr. Patrick Wilson (or his designated representative)
Ellis County District Attorney's Office
109 South Jackson Street
Waxahachie, Texas 75165

Appellant's Attorney at 10th Court of Appeals
John M. Perkins III
Attorney at Law
201 E. Main St.
Waxahachie, Texas 75165

State's Attorney on Appeal
Patrick Wilson (or his designated representative)
Ellis County District Attorney's Office
109 South Jackson Street
Waxahachie, Texas 75165

State's Prosecuting Attorney
P.O. Box 12405
Austin, Texas 78711

# TABLE OF CONTENTS

List of Parties ........................................................... ii

Index of Authorities ...................................................... iv

Statement Regarding Oral Argument ......................................... 1

Statement of the Case ..................................................... 1-2

Statement of Procedural History ........................................... 2

Question for Review ....................................................... 3

> Question for Review One:
>
> Does Texas Code of Criminal Procedure Art. 42.01, § 1(25) allow for a
> judgment to demand that Restitution be paid to a person or agency when
> no Restitution has been imposed?

Argument for Question One ................................................. 4-6

Prayer for Relief ......................................................... 7

Certificate of Service .................................................... 7

Verification or Inmate Declaration ........................................ 8

Appendix A: Opinion of the Tenth COurt of Appeals ......................... 9-13

Appendix B: Written Judgments for 37611CR and 37612CR ..................... 14-20

# INDEX OF AUTHORITIES

Cases

Weir v. State, 252 S.W.3d 85 (App. 3 Dist. 2008), pet. granted, pet. ref'd; aff'd in part, reversed in part 278 S.W.3d 384 ......................... 4

Statutes

Tex. Code Crim. Proc. art. 42.01, § 1 ............................... 4, 5, 6

No. _____

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

---

David Blaine McKinley,
Appellant/Petitioner;

vs.

The State of Texas,
Appellee/Respondent.

---

Appellant's Petition for Discretionary Review

---

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

Appellant/Petitioner respectfully submits this Petition for Discretionary Review and moves that this Honorable Court grant review of these causes and offers the following in support thereof:

## STATEMENT REGARDING ORAL ARGUMENT

Appellant/Petitioner waives oral argument at this time. It is suggested that the gacts in this case are sufficient enough for the Court to determine the issues from the record.

## STATEMENT OF THE CASE

Appellant was charged by indictment with the offense of Indecency with a Child by sexual contact. CR-1. The indictment, as amended, also alleged two prior felony convictions. CR-1.

Appellant was also charged in cause number 37611CR with Continuous Sexual

Abuse of a Child. III RR-9. Appellant entered pleas of not guilty, was found guilty by a jury, and was sentenced to twenty-five years imprisonment in each cause. CR 61; V RR-57-60. The sentence is cause number 37612CR was ordered to be served after the sentence in cause number 37611CR ceases to operate. CR 60-61. The judgments entered in Appellant's causes stated that Restitution be paid to Ellis County Community Supervision and Corrections but did not impose any Restitution or Reparation to be paid.

## STATEMENT OF PROCEDURAL HISTORY

In Cause Number 37611CR the Appellant was charged with the offense of Continuous Sexual Abuse of a Child. In Cause Number 37612CR the Appellant was charged with the offense of Indecency with a Child by Sexual Contact. The Appellant was convicted of such offenses on April 11, 2014 and appealed the convictions. On July 2, 2015, the Waco Court of Appeals affirmed the convictions. No motion for rehearing was filed. On September 10, 2015, this Petition for Discretionary Review was timely forwarded to the Court of Criminal Appeals.

## QUESTION FOR REVIEW

Question One: Does Texas Code of Criminal Procedure Art. 42.01, § 1(25) allow for a judgment to demand that Restitution be paid to a person or agency when no Restitution has been imposed?

ARGUMENT FOR QUESTION ONE

Does the Code of Criminal Procedure Art. 42.01, § 1(25) allow for a judgment to demand that Restitution be paid to a person or agency when no Restitution has been imposed?

This issue specifically raises the question of what a judgment should reflect when no restitution has been ordered to be paid to a victim in accordance with Tex. Code Crim. Proc. art. 42.01, § 1(25). The Court of Appeals for the Tenth Judicial District has determined that the statute does not specify a remedy in this situation.

A. The Judgments at Issue

The Appellant was indicted and convicted under cause numbers 37611CR and 37612CR. The 40th Judicial District Court of Ellis County, Texas, rendered judgments in both causes on April 24, 2014. When the judgments were imposed in open court, no restitution was ordered to be paid to the victim. The written judgments reflect that no restitution was imposed. However, the written judgments go on to reflect that "Restitution [] Be Paid To: ELLIS COUNTY COMMUNITY SUPERVISION AND CORRECTIONS." See Judgments, attached as Appendix B (Written Judgments for 37611CR and 37612CR).

B. Statutory Authority Dealing With Restitution

Under the Texas Code of Criminal Procedure, a trial court may impose judgment of restitution to be paid to the victim of a crime. Because restitution is punishment, it must be included in the oral pronouncement of sentence in order to be properly included in the written judgment. Weir v. State, 252 S.W.3d 85 (App. 3 Dist. 2008), pet. granted, pet. ref'd, aff'd in part, reversed in part 278 S,W.3d 364.

As set out in Art. 42.01, § 1, "[a] judgment is the written declaration of the court signed by the trial judge and entered of record showing the convic-

---

tion or aquittal of the defendant." Tex. Code Crim. Proc. art. 42.01, § 1. The sentence-served shall be based on the information contained in the judgment. Id. The statute further sets out what the written judgment shall reflect.

In the event that the trial court orders restitution to be paid to the victim, a statement of the amount of restitution shall be reflected in the judgment. Tex. Code Crim. Proc. art. 42.01, § 1(25). The requirements of the restitution amount statement are completed with an additional statement indicating whether the trial court elected a person or agency to forward payments to the victim or whether the trial court elected to have payments made directly to the victim. Id, at § 1(25)(A-B).

C. The Court of Appeals Determination is Flawed

The Appellant argued to the court of appeals that since no restitution was ordered to be paid by the trial court and because the written judgment reflects that that the amount of restitution to be paid is not applicable, then the written judgment should also reflect that the person or agency that the restitution is to be paid to should also be indicated as not applicable. See Appellant's Brief at 17.

The State argued to the court of appeals that Applicant had not shown any harm in the error, but did not oppose the change to the judgment. See State's Brief at 6-7.

In rendering its opinion to this issue, the court of appeals determined that "[Art. 42.01, § 1] does not speccifically address the situation in these cases where the trial court ordered no restitution be paid to the victim." Opinion at 4. The court of appeals further stated that "[Appellant] also cites to nothing to support the proposition that the judgments in these cases need to be modified for this reason." Id.

The court of appeals has misread the statute. A plain reading of the

statute indicated that "in the event" that restitution is ordered, the judgment **shall** reflect a statement of the amount to be paid and to whom it is to be paid to. Because the "event"—the imposition of restitution—did not occur in Appellant's case, the written judgment should have reflected that the amount of restitution to be paid and whom it was to be paid to was not applicable.

Moreover, a plain reading of the statute would not allow for a statement of "not applicable" to be reflected in the written judgment regarding restitution when no restitution has been imposed. Because no restitution was imposed in Appellant's cases, Art. 42.01, § 1(25) was never triggered to take affect. As such, all statements and text regarding restitution should be removed from Appellant's judgments.

D. Conclusion to the Argument

Appellant was not ordered to pay restitution to the victim. The written judgments reflected this. However, the written judgments reflected that Restitution be paid to a county agency. The statute governing written judgments does not allow for the designation of whom restitution is to be paid when no restitution has been ordered. The statute specifically addresses this situation. The court of appeals' determination to the contrary was a misunderstanding of the statute. Appellant's written judgments should be modified to remove all statements and text concerning restitution. In the alternative, Appellant's written judgments should be modified to reflect that the person or agency that the restitution is to be paid to is "not applicable."

## PRAYER FOR RELIEF

For the reasons stated above, it is respectfully submitted that the Court of Criminal Appeals of Texas should grant this Petition for Discretionary Review.

Respectfully submitted,

David Blaine McKinley
Petitioner, Pro Se
TDCJ-CID #01926785
Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

## CERTIFICATE OF SERVICE

The undersigned Appellant/Petitioner hereby certifies that a true and correct copy of the foregoing Petition for Discretionary Review has been mailed, U.S. Mail, postage prepaid, to the District Attorney, Appellate Division, Ellis County Courthouse, 109 South Jackson Street, Waxahachie, Texas 75165, and to the State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711, on this the 10th day of September, 2015.

David Blaine McKinley

## VERIFICATION OR INMATE DECLARATION

I, David Blaine McKinley, TDCJ-CID #01926785, DOB _Jan 28 1963_, being presently incarcerated at the Stiles Unit of the Texas Department of Criminal Justice, Beaumont, Jefferson County, Texas, declare (or certify, verify, or state) under penalty of perjury that I have read the above and foregoing Petition for Discretionary Review, that the facts contained herein are true and correct, and that this petition is made in good faith.

EXECUTED, this the 10th day of September, 2015.

David Blaine McKinley

David Blaine McKinley

Appendix A

Opinion of the Tenth Court of Appeals



# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00202-CR
## No. 10-14-00203-CR

**DAVID BLAINE MCKINLEY,**

                                                                    **Appellant**

v.

**THE STATE OF TEXAS,**

                                                                    **Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court Nos. 37611CR and 37612CR

---

## MEMORANDUM OPINION

---

A jury found Appellant David Blaine McKinley guilty of continuous sexual abuse of a child and indecency with a child and assessed his punishment at twenty-five years' imprisonment for each offense, to be served consecutively. These appeals ensued.

In his first issue in each appeal, McKinley contends that the judgments should be modified to correctly reflect the attorneys for the State. McKinley argues that the judgments improperly show Patrick M. Wilson, the elected county and district attorney for Ellis County, as the State's attorney even though the record reflects that the attorneys

who appeared for the State in this case were Amy Nguyen and Ricky Sipes, assistant county and district attorneys for Ellis County. McKinley, however, cites to nothing to show that the elected State's attorney cannot be named in the judgment if he did not participate in the proceeding resulting in the judgment. The Code of Criminal Procedure states that a judgment shall reflect "[t]hat the case was called and the parties appeared, naming the attorney for the state, the defendant, and the attorney for the defendant." TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(2) (West Supp. 2014). The elected county and district attorney for Ellis County is the attorney for the State in this case. McKinley's first issue in each appeal is therefore overruled.

In his second issue in Cause No. 10-14-00202-CR, McKinley contends that there is insufficient evidence to support the trial court's order for him to pay $3,133 in court costs. McKinley argues that the clerk's record in Cause No. 10-14-00202-CR contains only a bill of estimated court costs in the amount of $413; therefore, the clerk's record should be supplemented by a bill of costs or the judgment should be reformed to reflect the court costs contained in the record. The State responds that after McKinley filed his brief in this case, a supplemental clerk's record was filed containing the final bill of costs. The State concedes that the judgment should be modified, however, because the $3,133 includes attorney's fees in the amount of $2,720.

The clerk's record in Cause No. 10-14-00202-CR reflects that, before trial, the trial court found that McKinley was indigent and appointed an attorney to represent him. Once McKinley was initially found to be indigent, he was presumed to remain indigent for the remainder of the proceedings unless it was shown that a material change in his

McKinley v. State                                                                 Page 2

financial resources had occurred. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014). The trial court did not make any findings or otherwise address McKinley's financial condition again before signing the judgment. Furthermore, the trial court appointed an attorney for appeal, stating that "the Defendant is too poor to employ counsel." Therefore, we sustain McKinley's second issue in Cause No. 10-14-00202-CR and modify the judgment to delete the assessment of attorney's fees. *See Mayer v. State,* 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2010). The judgment is modified to reflect court costs in the amount of $413.

In his second issue in Cause No. 10-14-00203-CR, McKinley contends that the judgment in the case should be modified to accurately reflect all sections of the Penal Code that he was found to have violated. McKinley complains that the judgment does not reflect the statute giving rise to the enhanced punishment—section 12.42(d) of the Penal Code.

Article 42.01 of the Code of Criminal Procedure requires that the judgment reflect "[t]he offense or offenses for which the defendant was convicted" and the "degree of offense for which the defendant was convicted." TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(13), (14). The judgment in Cause No. 10-14-00203-CR states that McKinley was convicted under section 21.11 of the Penal Code of the offense of indecency with a child, a second degree felony enhanced to first degree felony – habitual offender. We conclude that this complies with article 42.01. We therefore overrule McKinley's second issue in Cause No. 10-14-00203-CR.

Finally, in his third issue in each appeal, McKinley contends that the judgment

McKinley v. State                                                                 Page 3

incorrectly demands that restitution be paid to Ellis County Community Supervision and Corrections. McKinley argues that this section of the judgments should be modified to reflect that it is not applicable (N/A) because no restitution was assessed. The Code of Criminal Procedure states that a judgment shall reflect: "In the event that the court orders restitution to be paid to the victim, a statement of the amount of restitution ordered and ... the name and address of a person or agency that will accept and forward restitution payments to the victim." TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(25). The statute does not specifically address the situation in these cases where the trial court ordered that no restitution be paid to the victim. McKinley also cites to nothing to support the proposition that the judgments in these cases need to be modified for this reason. We therefore overrule McKinley's third issue in each appeal.

We affirm the trial court's judgments as modified herein.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed July 2, 2015
Do not publish
[CRPM]



McKinley v. State

Page 4

Appendix B

Written judgments for 37611CR and 37612CR

**CAUSE NO. 37611CR**

THE STATE OF TEXAS

VS

DAVID BLAINE MCKINLEY

IN THE 40TH JUDICIAL

DISTRICT COURT OF

ELLIS COUNTY, TEXAS

## JUDGMENT JURY VERDICT
## PUNISHMENT FIXED BY COURT OR JURY--NO PROBATION GRANTED

Date of Judgment: **APRIL 11, 2014**
Judge Presiding: **BOB CARROLL**
Attorney for State: **PATRICK M. WILSON**
Attorney for Defendant: **KENT MCGUIRE**
Offense Convicted of: **CONTINUOUS SEXUAL ABUSE OF A CHILD**
Date Offense Committed: **OCTOBER 1, 2009 THROUGH AUGUST 1, 2010**
Degree: **FIRST**
T.P.C. or H.S.C.: **21.02**
Charging Instrument: **INDICTMENT**
Plea: **NOT GUILTY**
Jury Verdict: **GUILTY**
Presiding Juror: **BRANDON MCKENZIE**
Plea to Enhancement Paragraph(s): **NONE**
Findings on Enhancement Paragraph (s): **NONE**
Findings on Use of Deadly Weapon: **NONE**
Punishment Assessed by: **JURY**
Date Sentence Imposed: **APRIL 11, 2014**
Fine: $ **NONE**
Costs:$ **3,133.00**
Punishment and Place of Confinement: **25 YEARS TDCJID**
Date to Commence: **APRIL 11, 2014**
Total Amount of Restitution/Reparation : **NONE**
Time Credited: **146 DAYS**
Restitution To Be Paid To: **ELLIS COUNTY COMMUNITY SUPERVISION AND CORRECTIONS**

THIS SENTENCE IS TO BE SERVED CONCURRENT WITH ANY OTHER SENTENCE UNLESS OTHERWISE SPECIFIED

-------------------

PAGE ONE OF FIVE

## CAUSE NO. 37611CR
## THE STATE OF TEXAS  VS DAVID BLAINE MCKINLEY

On this day, set forth above, the cause was called for trial, and the State appeared by the above named attorney, and the Defendant appeared in person in open court, the above-named counsel for Defendant also being present, and said Defendant having been duly arraigned and in appearing to the Court that Defendant was mentally competent, and having pleaded as shown above to the indictment herein, both parties announced ready for trial and thereupon a jury, to-wit, the above named foreman and eleven others was duly selected, impaneled and sworn, who having heard the indictment read and the Defendant's plea thereto, and having heard the evidence submitted, and having been duly charged by the Court, retired in charge of the proper officer to consider the verdict, and afterward were brought into Court by the proper officer, the Defendant and Defendant's counsel being present, and returned into open Court the verdict set forth above, which was received by the Court and is here now entered upon the minutes of the Court as  shown above.

Thereupon, the Defendant elected to have punishment assessed by the above shown assessor of punishment, and when shown above that the indictment contains enhancement paragraph (s), which were not waived, and alleges Defendant to have been convicted previously of any felony or offenses for the purpose of enhancement of punishment, then the Court asked Defendant if such allegations were true or false and Defendant answered as shown above.  And when Defendant is shown above to have elected to have the jury assess punishment, such jury was called back into the box and heard evidence related to the question of punishment and having been duly charged by the Court, they retired to consider such questions, and after having deliberated, they returned into Court the verdict shown under punishment above; and when Defendant is shown above to have elected to have punishment fixed by the Court, in due form of law further evidence was heard by the Court relative to the question of punishment and the Court fixed the punishment of the Defendant as shown above.

PAGE TWO OF FIVE



<u>CAUSE NO. 37611CR</u>
<u>THE STATE OF TEXAS VS DAVID BLAINE MCKINLEY</u>

IT IS, THEREFORE, CONSIDERED and ORDERED by the Court, in the Court, in presence of the Defendant, that the said judgment be, and the said is hereby in all things approved and confirmed, and that the Defendant is adjudged guilty of the offense set forth above as found by the verdict of the jury, as set forth above, and said Defendant be punished in accordance with the Jury Verdict or the Court's Findings, as shown above and that the Defendant is sentenced to a term of imprisonment or fine or both, as set forth above, and that said Defendant be delivered by the Sheriff to the Director of the Department of Criminal Justice, Institutional Division of the State of Texas, or other person legally authorized to receive such convicts for the punishment assessed herein, and the said Defendant shall be confined for the above named term in accordance with the provisions of law governing such punishments and execution may issue as necessary.

And the said Defendant is remanded to jail until said Sheriff can obey the directions of this judgment.

SIGNED THIS____24____DAY OF____APRIL____2014.

_____
BOB CARROLL
Judge Presiding

Notice of Appeal: **NONE**

PAGE THREE OF FIVE



CAUSE NO. 37612CR

THE STATE OF TEXAS

VS

DAVID BLAINE MCKINLEY

IN THE 40TH JUDICIAL

DISTRICT COURT OF

ELLIS COUNTY, TEXAS

## JUDGMENT JURY VERDICT
### PUNISHMENT FIXED BY COURT OR JURY--NO PROBATION GRANTED

Date of Judgment: APRIL 11, 2014
Judge Presiding: BOB CARROLL
Attorney for State: PATRICK M. WILSON
Attorney for Defendant: KENT MCGUIRE
Offense Convicted of: INDECENCY WITH A CHILD
Date Offense Committed: MAY 1, 2012
Degree: SECOND DEGREE FELONY ENHANCED TO FIRST DEGREE FELONY - HABITUAL OFFENDER
T.P.C. or H.S.C.: 21.11
Charging Instrument: INDICTMENT
Plea: NOT GUILTY
Jury Verdict: GUILTY
Presiding Juror: BRANDON MCKENZIE
Plea to Enhancement Paragraph(s):  NOT TRUE
Findings on Enhancement Paragraph (s):  TRUE
Findings on Use of Deadly Weapon:  NONE
Punishment Assessed by: JURY
Date Sentence Imposed: APRIL 11, 2014
Fine: $ NONE
Costs:$ 413.00
Punishment and Place of Confinement:  25 YEARS TDCJID
Date to Commence: APRIL 11, 2014
Total Amount of Restitution/Reparation : NONE
Time Credited: 146 DAYS
Restitution To Be Paid To: ELLIS COUNTY COMMUNITY SUPERVISION AND CORRECTIONS

IT IS FURTHER ORDERED BY THE COURT THAT THE PUNISHMENT UNDER THE JUDGMENT HERE IMPOSED SHALL BEGIN WHEN THE JUDGMENT AND SENTENCE AGAINST THE DEFENDANT IN CAUSE NO. 37611CR IN THE 40TH DISTRICT COURT OF ELLIS COUNTY, TEXAS, WHEREIN THE DEFENDANT WAS ON THE 11TH DAY OF APRIL, 2014, DULY AND LEGALLY SENTENCED TO A TERM OF TWENTY-FIVE (25) YEARS FOR THE OFFENSE OF CONTINUOUS SEXUAL ABUSE OF A CHILD IN CAUSE NO. 37611CR SHALL HAVE CEASED TO OPERATE.

-------------------

PAGE ONE OF FIVE

## CAUSE NO. 37612CR
## THE STATE OF TEXAS  VS DAVID BLAINE MCKINLEY

On this day, set forth above, the cause was called for trial, and the State appeared by the above named attorney, and the Defendant appeared in person in open court, the above-named counsel for Defendant also being present, and said Defendant having been duly arraigned and in appearing to the Court that Defendant was mentally competent, and having pleaded as shown above to the indictment herein, both parties announced ready for trial and thereupon a jury, to-wit, the above named foreman and eleven others was duly selected, impaneled and sworn, who having heard the indictment read and the Defendant's plea thereto, and having heard the evidence submitted, and having been duly charged by the Court, retired in charge of the proper officer to consider the verdict, and afterward were brought into Court by the proper officer, the Defendant and Defendant's counsel being present, and returned into open Court the verdict set forth above, which was received by the Court and is here now entered upon the minutes of the Court as shown above.

Thereupon, the Defendant elected to have punishment assessed by the above shown assessor of punishment, and when shown above that the indictment contains enhancement paragraph (s), which were not waived, and alleges Defendant to have been convicted previously of any felony or offenses for the purpose of enhancement of punishment, then the Court asked Defendant if such allegations were true or false and Defendant answered as shown above. And when Defendant is shown above to have elected to have the jury assess punishment, such jury was called back into the box and heard evidence related to the question of punishment and having been duly charged by the Court, they retired to consider such questions, and after having deliberated, they returned into Court the verdict shown under punishment above; and when Defendant is shown above to have elected to have punishment fixed by the Court, in due form of law further evidence was heard by the Court relative to the question of punishment and the Court fixed the punishment of the Defendant as shown above.

PAGE TWO OF FIVE



## CAUSE NO. 37612CR
## THE STATE OF TEXAS VS DAVID BLAINE MCKINLEY

IT IS, THEREFORE, CONSIDERED and ORDERED by the Court, in the Court, in presence of the Defendant, that the said judgment be, and the said is hereby in all things approved and confirmed, and that the Defendant is adjudged guilty of the offense set forth above as found by the verdict of the jury, as set forth above, and said Defendant be punished in accordance with the Jury Verdict or the Court's Findings, as shown above and that the Defendant is sentenced to a term of imprisonment or fine or both, as set forth above, and that said Defendant be delivered by the Sheriff to the Director of the Department of Criminal Justice, Institutional Division of the State of Texas, or other person legally authorized to receive such convicts for the punishment assessed herein, and the said Defendant shall be confined for the above named term in accordance with the provisions of law governing such punishments and execution may issue as necessary.

And the said Defendant is remanded to jail until said Sheriff can obey the directions of this judgment.

SIGNED THIS ___24___ DAY OF ___APRIL___ 2014.

_____
BOB CARROLL
Judge Presiding

Notice of Appeal: **NONE**

PAGE THREE OF FIVE

