COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| JONATHAN CASEY LUDWIG, | § | No. 08-22-00078- CR |
| Appellant, | § | Appeal from the |
| v. | § | 264th Judicial District Court |
| THE STATE OF TEXAS, | § | of Bell County, Texas |
| Appellee. | § | (TC# FR81001) |

## MEMORANDUM OPINION[1]

Appellant Jonathon Casey Ludwig appeals his conviction for the felony offense of burglary of a habitation with intent to commit theft.[2] In a single issue, Appellant claims that his conviction is derived from an involuntary guilty plea. We will affirm the trial court's judgment of conviction.

## BACKGROUND

Appellant was charged with burglary of a habitation with intent to commit theft in August 2019. Appellant entered a guilty plea to the offense in November 2019, and consistent with a negotiated plea agreement, a finding of guilt was deferred and Appellant was placed on seven

---

[1] *See* TEX. R. APP. P. 47.1 (court of appeals must hand down opinion as brief as practicable ).

[2] This case was transferred from our sister court in Austin, and we decide it in accordance with the precedent of that court to the extent required by TEX. R. APP. P. 41.3.

years' deferred adjudication community supervision in January 2020. The State filed a motion to revoke Appellant's deferred adjudication community supervision and in January 2022, the trial court accepted Appellant's plea of true, adjudicated Appellant's guilt, and sentenced Appellant to ten years' incarceration in the Texas Department of Criminal Justice-Institutional Division. It is from this judgment and sentence that Appellant now appeals, claiming his "due process right to enter a knowing, voluntary guilty plea was violated, given that he was not put on notice as to what his sentencing exposure would be if he violated the terms of his deferred adjudication community supervision." Specifically, Appellant complains that the trial court failed to inform him, when he was placed on deferred adjudication community supervision, that he could be sentenced to more than seven years' confinement if he did not successfully complete his deferred adjudication supervision, though he acknowledges that at his original plea proceeding the trial court properly admonished him of the range of punishment for a second degree felony, and that the accompanying plea paperwork admonished him "Upon adjudication of your guilt, the Court may assess your punishment *anywhere within the range provided by law* for the offense (emphasis added)."

Citing *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) and *Weir v. State*, 252 S.W.3d 85, 89 (Tex. App. —Austin 2008) *aff'd in part, rev'd in part on other grounds*, 278 S.W.3d 364 (Tex. Crim. App. 2009), the State counters, that Appellant may not raise this complaint in this appeal from the trial court's decision to adjudicate Appellant's guilt. The State correctly asserts the general rule that a defendant may not successfully complain of general errors committed during their original plea hearing. The State urges that there are two possible exceptions to this general rule; "the void judgment exception," and "the habeas corpus exception,"[3] neither of which

---

[3] While the State suggests that the "habeas corpus exception" continues, the Court of Criminal Appeals explicitly rejected the "concept of a 'functional' writ of habeas corpus" in *Jordan v. State*, 54 S.W.3d 783, 786 (Tex. Crim. App. 2001), and instead declared that "Nothing prevents the probationer from filing an Article 11.08 or 11.09 writ

apply in the context of this case. *See Nix v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001) (en banc) (recognizing that in rare instances a judgment is a nullity and "void" and may be challenged as such); *Jordan v. State*, 54 S.W.3d 783, 785-86 (Tex. Crim. App. 2001) ("habeas corpus exception" no longer recognized and habeas challenges must be brought consistent with Article 11 of the Code of Criminal Procedure). Appellant appears to acknowledge the State's arguments, and in reply, Appellant urges:

> Nowhere in [Appellant]'s brief does he complain of the district court's decision to place him on deferred adjudication, or of the district court's decision to adjudicate his guilt. Instead, his complaint has to do *with the sentence the district court assessed after adjudicating his guilt* (emphasis added).

Appellant acknowledges that he did not file a writ or otherwise comply with Article 11 of the Code of Criminal Procedure prior to entering his plea of true, arguing instead that was excused from doing so under *Dansby v. State*, 448 S.W.3d 441 (Tex. Crim. App. 2014).

## DISCUSSION

### A. Standard of review

A trial court's decision to adjudicate guilt and revoke community supervision is reviewed on appeal in the same manner as the revocation of traditional community supervision. TEX. CODE CRIM. PROC. ANN., art. 42.12, § 5(b). This Court looks to whether the trial court abused its discretion in determining whether the defendant violated the terms of his community supervision. *Leonard v. State*, 385 S.W.3d 570, 577 (Tex. Crim. App. 2012); *see Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (State's burden of proof in revocation proceedings is by a

---

application after the State has filed a motion to revoke, and nothing prevents the trial court from considering the application along with the State's motion to revoke probation. . . . [I]f a probationer wishes to invoke the trial court's writ of habeas corpus jurisdiction, he must follow the proper procedures outlined in Article 11." *Id*. As was the case in *Jordan*, Appellant did not file a contemporaneous writ application along with the State's motion to revoke probation.

3

preponderance of the evidence, which in turn dictates that appellate review is an abuse of discretion standard).

**B.      Appellant's claims of lack of due process and notice**

As stated above, Appellant initially argues that his "due process right to enter a knowing, voluntary guilty plea was violated, given that he was not put on notice as to what his sentencing exposure would be if he violated the terms of his deferred adjudication community supervision," however, the claim of an involuntary plea of guilty is not cognizable in this direct appeal. *Jordan*, 54 S.W.3d at 786-87 (claim of involuntary guilty plea may not be challenged for first time in direct appeal of revocation proceeding). And Appellant makes no argument that, if true, would render the judgment placing him on deferred adjudication community supervision "void." *See Wright v. State*, 506 S.W.3d 478, 481-82 (Tex. Crim. App. 2016) (holding attack on original plea is collateral attack if asserted in revocation proceeding and if so must be based on void judgment); *Nix*, 65 S.W.3d at 667 (noting it is a "rare" circumstance, usually a jurisdictional one which would render a judgment void); *Whillhite v. State*, 627 S.W.3d 703, 705-06 (Tex. App. —Austin 2021, pet. ref'd) (concluding deferred adjudication order of conviction under unconstitutional statute could be challenged in collateral attack as a void judgment). Alleged error, if any, stemming from Appellant's guilty plea at the original plea proceeding is not properly before this Court in this appeal.

Appellant's reliance on *Dansby* in support of his attempt to circumvent the holdings in *Jordan* and *Wright* is similarly misplaced. *Dansby* reveals that it concerns whether a defendant had notice of a term of a condition of community supervision that later formed the basis of a trial court's decision to revoke the defendant's community supervision at a revocation proceeding. *Dansby*, 448 S.W.3d at 444-45. The defendant in *Dansby* was informed that he would be required

to comply with sex offender registration requirements as a condition of his deferred adjudication. *Id*. He was not, however, told that condition necessarily included the requirement that he submit to polygraph examination and waive his 5th Amendment rights. *Id*.; *see* U.S. CONST. amend. V. That is notably different than the circumstance in this case, and as observed above, Appellant is not complaining of the imposition of a condition of community service without notice. And as Appellant acknowledges, he is not complaining of the sufficiency of the evidence to revoke his community supervision in this proceeding, indeed he cannot—he entered a plea of true to the allegations in the State's motion to revoke. He is in essence, complaining of the sentence imposed after revocation, and his complaint of the sentence fails for several reasons.

First, the sentence of ten years' imprisonment is within the statutory range for the offense of burglary of a habitation. TEX. PENAL CODE ANN. § 12.33 (defining punishment range for second degree felony as term of not less than 2 nor more than 20 years' imprisonment and a $10,000 fine); TEX. PENAL CODE ANN. §§ 30.02(a)(1)-30.02(c)(2) (burglary of a habitation is a second degree felony). More importantly, nothing in the plea agreement otherwise limited the trial court to a maximum of seven years. Instead, the plea agreement specifically informed Appellant, in writing, that he could be sentenced to any term of imprisonment within the statutory range for a second degree felony. The trial court did not abuse its discretion in sentencing Appellant to ten years' confinement under the circumstances presented in this case. And as for Appellant's claims that he should have been orally admonished during the original plea proceeding that he could be sentenced to something other than the original term of seven years, demonstrates that he is in essence attempting an impermissible collateral attack of the original plea proceeding in this direct appeal. *See Whillhite*, 627 S.W.3d at 705-06 (collateral attack permitted in direct appeal from revocation

proceeding only to challenge void judgment). Accordingly we overrule Appellant's single point of error.

## CONCLUSION

Having overruled Appellant's single point of error, we affirm the judgment and conviction of the trial court below.

MELISSA GOODWIN, Justice

March 27, 2023

Before Rodriguez, C.J., Soto, and Goodwin JJ.

(Do Not Publish)